UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:16cv24687

EDGARDO LEBRON,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

**COMES NOW**, Plaintiff, EDGARDO LEBRON ("Plaintiff"), by and through undersigned counsel, suing Defendant, ROYAL CARIBBEAN CRUISES LTD. ("Defendant"), and demands trial by jury supported by the following:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as the causes of action asserted are maritime torts.

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of the Commonwealth of Puerto Rico, Barceloneta, Puerto Rico.

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto, was and is doing business in Miami-Dade County, Florida, and which maintains its corporate headquarters and/or principal place of business in Miami-Dade County Florida.

7. Defendant is a citizen of the State of Florida.

8. Defendant, is at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in and/or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. **DATE OF INCIDENT**: This incident occurred on or about June 20, 2016.

11. **LOCATION OF INCIDENT**: The incident occurred when the Plaintiff was a lawfully paying passenger aboard the Defendant's cruise ship vessel, the *Adventure of the Sea*.

12. **DESCRIPTION OF THE INCIDENT**: At all times relevant hereto, Defendant had a duty to keep and maintain its premises safe and free from hazards.

13. However, on the date and time of the incident, Plaintiff began ice skating in the ship's designated ice skating rink.

14. The ice skating equipment provided for use by Defendant to Plaintiff, was not in a reasonably safe and/or functionally good condition.

15. The ice skating rink was not in reasonably good condition.

16. The ships movement was unsteady.

17. On the date and time of the incident, the ice skating rink was not closed to passengers during the time the ship was at sea.

18. At all times material hereto, Plaintiff was provided by Defendant through its agents, crew, and/or staff, with skating equipment, to wit, skates that had short and broken laces on the right skate, thereby rendering them faulty.

19. At no point material hereto, was Plaintiff told he should cease skating.

20. At no point material hereto, was Plaintiff told to leave the ice skating rink.

21. At no point material hereto, was Plaintiff provided with a pair of skates that were not faulty and/or safe for use.

22. There were no warning signs alerting passengers of the danger of skating during specified time periods, to wit, periods of time the ship is in motion.

23. Without heed or warning, Plaintiff fell while participating in the skating activity due to the ships irregular movement, faulty skating equipment and deteriorated ice skating rink.

24. There was no verbal warning given to alert passengers of the danger of skating during specified time periods, to wit, periods of time the ship is in motion.

25. This incident caused Plaintiff to suffer from pain and grievous bodily injury, including, but not limited to, a fractured right ankle.

26. As a result, Plaintiff has sought medical care, surgery and/or rehabilitation for treatment of his injuries.

27. Furthermore, Plaintiff has suffered from other damages that shall be described further down in this Complaint.

28. **OTHER FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**: At all times material hereto, the condition of the ice skating rink involved in Plaintiff's incident was hazardous, unreasonably dangerous, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

29. The ice skating rink lacked adequate safety features to prevent Plaintiff's fall.

30. In addition, Defendant failed to take proper precautions and/or measures to maintain its equipment, to wit, ice skates in a reasonably safe condition, by providing Plaintiff with a pair of faulty skates that lacked proper lacing on the right skate for safety.

31. The hazardous conditions of the ice skating rink were known and/or should have been known by Defendant in the exercise of reasonable care.

32. Furthermore, the hazardous conditions of the skating equipment provided to Plaintiff for use were known and/or should have been known by Defendant in the exercise of reasonable care.

33. These hazardous conditions existed for a period of time before the subject incident.

34. These hazardous conditions were neither open or obvious to Plaintiff.

35. At all times material hereto, the equipment distributed to Plaintiff, to wit, ice skates, were improperly maintained and/or safe for use.

36. At all times material hereto, Defendant failed to adequately inspect, manage, and/or supervise the area of Plaintiff's incident for dangers.

37. At all times material hereto, Defendant failed to adequately inspect the subject ice skating rink to ensure that it was in a reasonably safe condition for use.

38. At all times material hereto, Defendant failed to adequately inspect and/or maintain its ice skating equipment, to wit, ice skates to ensure it was in a reasonably safe condition for use.

39. At all times material hereto, Defendant failed to eliminate the hazard(s).

40. At all times material hereto, Defendant failed to properly maintain the ice skating rink.

41. At all times material hereto, Defendant participated in the design and/or approved the design of the skating rink involved in Plaintiff's incident.

42. At all times material hereto, Defendant participated in the design and/or approved the design of the ice skating equipment, to wit, ice skates involved in Plaintiff's incident.

43. At all times material hereto, Defendant participated in the installation and/or approved the installation of the skating rink involved in Plaintiff's incident.

44. At all times material hereto, Defendant failed to properly train and/or supervise its staff.

45. At all times material hereto, the subject skating rink was understaffed and/or improperly supervised.

## COUNT I: NEGLIGENCE

46. Plaintiff hereby adopts and re-alleges each and every allegation contained in paragraphs 1 through 45 as if fully set forth herein.

47. At all times material hereto, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

48. Such duties include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

49. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

50. At all times material hereto, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

    a. Failing to inspect, clean, keep and maintain its ice skating rink in a reasonably safe condition;

    b. Failing to warn Plaintiff of the dangerous conditions present in its ice skating rink;

    c. Failing to warn Plaintiff of the ship's impending movement;

    d. Failing to warn passengers such as Plaintiff of the dangers of using the skating rink during time periods the ship was in motion;

    e. Failing to take proper precautions for the safety of its passengers using its skating rink and equipment;

    f. Such failures to take proper precautions include, but are not limited to, Defendant's failure to take proper measures to prevent passengers such as Plaintiff from using the skating rink with equipment, to wit, skates that were not properly maintained and/or safe for use;

    g. Failing to have adequate policies and procedures in place for inspecting, cleaning and/or maintaining its skating rink and skating equipment;

    h. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and/or should have been known by the Defendant in the exercise of reasonable care;

i. Failing to adequately train its crew to inspect and keep its skating rink and equipment safe and free from hazards;

j. Failing to employ sufficient crewmembers and/or adequately trained staff to properly inspect, clean, and maintain the area of the ship where Plaintiff's incident occurred, whereby Defendant knew and/or should have known, the ship was inadequately staffed;

k. Failing to inspect and/or properly supervise passengers skating while utilizing the skating rink;

l. Failing to use and/or maintain a proper sheet of ice of sufficient quality for skating;

m. Failing to implement a proper method and/or procedure of inspection that is reasonable and safe, as to prevent danger from occurring;

n. Failing to comply with applicable standards, statutes, and/or regulations of which, the violation of such is negligence *per se* and/or evidence of negligence;

o. Failing to otherwise maintain the subject ice rink and equipment, to wit, skates in a reasonably safe condition; and/or

p. Through other acts and/or omissions constituting a breach of the duty to use reasonable care which shall be revealed through discovery.

51. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

52. Defendant either: (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions; (c) would have had knowledge of the dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the dangerous conditions.

7
ARONFELD TRIAL LAWYERS
Aronfeld.com

53. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

54. The losses are both permanent and continuing.

55. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, EDGARDO LEBRON, demands Judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered as a result of Defendant's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of ability to earn money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated**: this 09th day of November, 2016.

Respectfully Submitted,

                                            ARONFELD TRIAL LAWYERS
                                            Attorneys for Plaintiff
                                            3132 Ponce de Leon Boulevard
                                            Coral Gables, Florida 33134
                                            P:     (305) 441.0440
                                            F:     (305) 441.0198

        By: */s/ Spencer Aronfeld, Esq.*
            Spencer Aronfeld, Esq.
            Florida Bar No.: 905161
            Aronfeld@Aronfeld.com

        By: */s/Lovecia A. Holmes, Esq.*
            Lovecia A. Holmes, Esq.
            Florida Bar No.: 124132
            lholmes@aronfeld.com