UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:16-cv-24687-WILLIAMS/Simonton

EDGARDO LEBRON,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.
a Liberian Corporation,

    Defendant.
_____/

## DEFENDANT ROYAL CARIBBEAN CRUISES, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("Defendant") by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff EDGARDO LEBRON's ("Plaintiff") Complaint [D.E. 4] as follows:

1. Defendant admits that Plaintiff is seeking damages in excess of this Court's jurisdictional requirements, however denies that Plaintiff is entitled to damages in any amount.

2. Defendant admits that Plaintiff is seeking damages in excess of this Court's jurisdictional requirements, however, denies that Plaintiff is entitled to damages in any amount. Defendant also admits for purposes of this litigation only that this Court has personal jurisdiction over the Defendant. With respect to the remainder of this allegation Defendant is without knowledge, therefore, denied.

3. Admitted.

4. Defendant admits that venue in this Court is proper.

5. Without knowledge, therefore, denied.

6. Defendant admits for purposes of this litigation only that this Court has personal jurisdiction over the Defendant.

7. Denied.

8. Admitted that Defendant conducts business in and has an office in Miami-Dade County, Florida. Defendant denies all other allegations of paragraph 8, including subparts "c" and "d".

9. Denied.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Admitted only that Plaintiff reported an alleged incident on or about June 20, 2016.

11. Admitted that Plaintiff was a passenger onboard the cruise ship *Adventure of the Seas* on or about the date alleged in the Complaint.

12. Denied as an incomplete and inaccurate statement of law.

13. Admitted that the Plaintiff utilized the ice skating facility onboard the *Adventure of the Seas* on or about the date alleged in the Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## OTHER FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT II – NEGLIGENCE

46. Defendant adopts and incorporates its responses to the allegations in paragraphs 1 through 45 as fully set forth herein:

47. Denied as an incomplete and inaccurate statement of law.

48. Denied as an incomplete and inaccurate statement of law.

49. Denied as an incomplete and inaccurate statement of law.

50. Denied including all sub-parts, a, b, c, d, e, f, g, h, i, j, k, l, m, n, o, and p.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

Defendant specifically denies that Plaintiff is entitled to any of the damages in his "WHEREFORE" clause.

## AFFIRMATIVE DEFENSES

As separate and complete affirmative defenses, based upon information and belief, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Defendant avers that the negligence, actions and/or misaction of the Plaintiff was the sole and proximate cause of any and all injuries or damages as alleged in the Complaint, and as such, the Plaintiff's right to recovery is either barred or shall be reduced pursuant to the doctrine of Comparative Negligence.

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant further affirmatively avers that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of this Defendant and any such injuries are unrelated to the incident at issue and as such, the Plaintiff is unable to recover of this Defendant.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate his damages, if any, thus precluding or diminishing the Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant further affirmatively alleges, without admitting liability, that in the event that the Plaintiff should recover on his claim, this Defendant would be entitled to a set-off, off-set and/or reduction for any and all collateral source benefits either paid or payable to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery he obtains herein must be limited to the percentage of aggravation he suffered as a result of this alleged accident.

**SIXTH AFFIRMATIVE DEFENSE**

For its Sixth Affirmative Defense, Defendant alleges that Plaintiff's injuries, if any, were proximately caused by the conduct of third parties not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein.

**SEVENTH AFFIRMATIVE DEFENSE**

For its Seventh Affirmative Defense, Defendant avers it complied with and otherwise fulfilled its duty of reasonable care to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

For its Eighth Affirmative Defense, Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

**NINTH AFFIRMATIVE DEFENSE**

For its Ninth Affirmative Defense, Defendant would further affirmatively aver that to the extent that the Plaintiff's Complaint purports to state a claim for attorney's fees, there is no basis in contract or statute for the Plaintiff's recovery of same and federal maritime law also bars the Plaintiff's recovery of attorney's fees and as such, any attempt to recovery of attorney's fees by the Plaintiff herein is unsupported and otherwise barred.

**TENTH AFFIRMATIVE DEFENSE**

For its Tenth Affirmative Defense, the Defendant asserts that it had no notice, actual, constructive or otherwise of any dangerous condition which the Plaintiff alleges was the

proximate cause of his damage and as such, the Defendant is not liable to the Plaintiff based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

For its Eleventh Affirmative Defense, Defendant asserts that this action is governed by, and subject to, the terms, limitations, and conditions contained within the Plaintiff's passenger ticket contract. Defendant adopts and incorporates all of the terms, limitations, and conditions contained in the passenger ticket contract in its entirety into its Answer by reference.

### TWELFTH AFFIRMATIVE DEFENSE

For its Twelfth Affirmative Defense, Defendant asserts that it fully discharged its duties to Plaintiff by warning of any and all dangerous or hazardous conditions, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

For its Thirteenth Affirmative Defense, Defendant asserts that Plaintiff had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential for injury as a result of such alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed himself to same.

### FOURTEENTH AFFIRMATIVE DEFENSE

For its Fourteenth Affirmative Defense, Defendant alleges that the Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries, or damages, if any, the existence of which the Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

## FIFTEENTH AFFIRMATIVE DEFENSE

For its Fifteenth Affirmative Defense, Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Defendant had no duty to protect the Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

For its Sixteenth Affirmative Defense, Defendant alleges that if it is liable to the Plaintiff for damages herein, the existence of which Defendant expressly denies, Plaintiff's damages must be reduced by the amount attributable to Plaintiff's comparative fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

For its Seventeenth Affirmative Defense, Defendant asserts that Plaintiff's claims are governed by the general maritime law and any recovery is limited by same.

## EIGHTEENTH AFFIRMATIVE DEFENSE

For its Eighteenth Affirmative Defense, Defendant assets that Plaintiff executed an express, written waiver of liability prior to participating in ice skating activity aboard the ship and has, therefore, waived any and all claims against the Defendant and/or released Defendant from any and all liability.

WHEREFORE, having answered the Complaint and asserted its affirmative defenses, Defendant demands judgment in its favor and against the Plaintiff, along with all costs and attorney's fees as allowable under applicable law.

Dated:  December 5, 2016
        Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: */s/ Elisha M. Sullivan*
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
mfonticiella@fflegal.com

         Darren W. Friedman Esq. (FBN 91868)
         dfriedman@fflegal.com
         esullivan@fflegal.com
         sargy@fflegal.com
         One Biscayne Tower, Suite 2300
         2 South Biscayne Boulevard
         Miami, FL  33131
         Tel: 305-358-6555/Fax: 305-374-9077
         Counsel for Defendant

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 5th day of December, 2016. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

         By: */s/Elisha M. Sullivan*
           Elisha M. Sullivan, Esq.

## SERVICE LIST
CASE NO: 1:16-cv-21375-KING/Torres

| | |
|---|---|
| Spencer Marc Aronfeld, Esq. | Jeffrey E. Foreman, Esq. |
| aronfeld@aronfeld.com | jforeman@fflegal.com |
| ajames@aronfeld.com | mfonticiella@fflegal.com |
| Lovecia Holmes, Esq. | Darren W. Friedman, Esq. |
| lholmes@aronfeld.com | dfriedman@fflegal.com |
| ARONFELD TRIAL LAWYERS | esullivan@fflegal.com |
| 3132 Ponce de Leon Boulevard | mfonticiella@fflegal.com |
| Coral Gables, Florida 33134 | FOREMAN FRIEDMAN, PA |
| Tel: 305-441-0440/Fax: 305-441-0198 | One Biscayne Tower – Suite #2300 |
| Counsel for Plaintiff | 2 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Tel: 305-358-6555/ Fax: 305-374-9077 |
| | Counsel for Defendant |