UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24687-CIV-WILLIAMS/SIMONTON

EDGARDO LEBRON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

### ORDER FOLLOWING DISCOVERY HEARING

This matter came before the Court for an informal Discovery Hearing pursuant to Plaintiff's Re-Notice of Hearing, ECF No. [32]. The Honorable Kathleen M. Williams, the United States District Judge assigned to this case, has referred all discovery matters to the undersigned Magistrate Judge, ECF No. [16]. On July 13, 2017, the undersigned held a hearing on the Parties' discovery disputes. This Order memorializes the rulings made by the undersigned at that hearing.

    I.    **BACKGROUND**

This personal injury action was initiated when Plaintiff Edgardo Lebron filed a Complaint against Defendant Royal Caribbean Cruises, Ltd., ("RCL") alleging negligence related to injuries sustained by Plaintiff when he fell while ice skating aboard the Adventure of the Sea, a cruise ship operated by Defendant RCL, ECF No. [1].

In its Answer, the Defendant has generally denied the substantive allegations in the Complaint and has raised several affirmative defenses including, comparative negligence and waiver of liability by the Plaintiff, ECF No. [6].

## II. DISCOVERY DISPUTES

### A. Inspection of Ice Rink on Ship

According to the Re-Notice of Hearing, the Plaintiff sought to have the Defendant compelled to permit the Plaintiff to inspect the ice rink area on the vessel Adventure of the Sea. At the hearing, Plaintiff contended that the Plaintiff wanted to inspect the rink where the incident occurred as well as the area where the ice skates are stored, for purposes of observing how the skates are stored and maintained. The Plaintiff also contended that the Plaintiff's expert was likely to opine regarding the resurfacing and maintenance procedures of the ice, and therefore needed information regarding the machinery and chemicals used on the ice. Plaintiff stated that a visual inspection of the machinery would be adequate.

The Defendant contended that the Plaintiff's testimony during his deposition made it clear that the cause of his fall and the resulting injuries were not due to the condition of the ice in the skating rink, and therefore Defendant contended that an inspection of the rink was not necessary. Defendant further contended that the requested scope of the inspection was overbroad. Specifically, the Defendant contended that because the Plaintiff testified that it was only the laces on the skates that were defective, there was no need for the Plaintiff to inspect the entire area around the rink including the machinery used to maintain the ice. The Defendant also contended that at this point although the skates at issue were not segregated and therefore there was no way to know which exact pair of ice skates the Plaintiff was using during the incident, photos of the skates were taken at the time of the incident, which showed that the skates were new and not in disrepair. Defendant also argued that the ice has been resurfaced since the incident occurred and stated that the area used for the ice rink is also used for other ship-board activities.

The Court determined that the Plaintiff's testimony regarding the cause of his fall on the ice was not as limited as suggested by the Defendant, and further noted that the Plaintiff is not an expert on causation of falls on ice. The Court therefore concluded that an inspection of the rink by Plaintiff's expert was appropriate. Accordingly, the Court ordered that Plaintiff's expert would be permitted to inspect the ice rink and the equipment used to maintain the ice rink. The Plaintiff is also permitted to conduct a visual inspection of the equipment and of any chemicals on site used in connection with maintenance of the ice rink or the skates. The rink shall be in its ice state when the inspection occurs. The undersigned examined the photo of the skates at issue, and found that it did not clearly show whether the skates were in disrepair. Therefore, the Plaintiff may also examine all skates in Defendant's possession and the area where the skates are maintained. The inspection is limited to three hours. The inspection will occur at the home port of the ship in Puerto Rico. The inspection shall be completed on or before August 14, 2017, unless the Parties agree otherwise or the Court alters the date.

### B. Date for Corporate Deposition

The second issue listed on the Re-Notice of Hearing pertained to the date for Defendant's corporate representative's deposition, ECF No. [32]. At the hearing, Defendant's counsel explained that the corporate representative isn't available until August 28, 2017, due to the pendency of other cases that are proceeding to trial. The Defendant also noted that the deposition of the representative had been noticed six weeks prior to the discovery hearing, by agreement, to occur on August 28, 2017.

In response, Plaintiff explained that although the corporate representative deposition was previously set for August 28, 2017, because the expert report deadline date is set for the following week, the Plaintiff seeks to take the corporate representative

3

deposition earlier so that the Plaintiff's expert will have time to review the deposition transcript prior to providing his report.

The undersigned observed that the Plaintiff waited until only a few days before the hearing to raise this issue even though the deposition had been noticed well in advance. The Court ruled that the Defendant shall use its best efforts to make the Defendant's corporate representative available for deposition on or before August 23, 2017, if possible. If the representative is not available until August 28, 2017, the Defendant shall provide Plaintiff's counsel with details regarding why he is not available at an earlier date.

### III. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that on or before August 14, 2017, the Defendant shall make the ice rink, equipment and skates aboard the Adventure of the Sea available for inspection as set forth above in this Order. It is further

**ORDERED AND ADJUDGED** that the Defendant shall use its best efforts to make the Defendant's corporate representative available for deposition on or before August 23, 2017, if possible, as set forth above in this Order.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida, this 21st day of July, 2017.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
All parties of record