UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24687-CIV-WILLIAMS/SIMONTON

EDGARDO LEBRON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES,
LTD.,

    Defendant.
_____/

ORDER ON OBJECTIONS TO CERTAIN DEPOSITION DESIGNATIONS
FOR DR. JORGE L. ROMAN DEYNES FOLLOWING ADDITIONAL BRIEFING
BY THE PARTIES

This matter is before the Court following a hearing on the Parties' Joint List of Deposition Designations and Counter-Designations and upon subsequent briefing by the Parties related to certain of the Deposition Designations for Dr. Jorge L. Roman Deynes, ECF Nos. [243] [253] [256]. The Honorable Kathleen M. Williams, United States District Judge, has referred deposition designation disputes to the undersigned Magistrate Judge, ECF No. [225].

 A hearing on all of the deposition designations and objections was held on September 17, 2018. At that time, the undersigned ruled on all of the objections except for objections based on the contention that the testimony of treating physician Dr. Deynes went beyond the scope of a treating physician and constituted expert testimony that had not been timely disclosed. The parties were ordered to brief the issues presented by those designations by Wednesday, September 19, 2018. The Parties have now submitted their respective briefs regarding the admissibility of certain opinions offered by Dr. Deynes during his deposition testimony. For the following reasons, the undersigned concludes that Dr. Deynes may testify as to his treatment of the Plaintiff and

prognosis related to the Plaintiff's future medical care, including surgery, but may not opine on costs related to any future surgeries, any lost work time arising from any future surgeries, and may not opine on the cause of the Plaintiff's injuries beyond that which was necessary to treat the Plaintiff. As explained below, the undersigned's rulings are based upon: 1) the speculative nature of any costs associated with any of PLaintif's future surgeries and work absences associated therewith; 2) the Plaintiff's failure to establish that Dr. Deynes is qualified to render opinions as to the costs of such future surgeries; 3) the Plaintiff's failure to timely disclose Dr. Deynes' opinions regarding the cause of the Plaintiff's injuries; and 4) the Plaintiff's failure to establish that Dr. Deynes is qualified to render opinions as to cause of the Plaintiff's injuries.

I.     <u>BACKGROUND</u>

On August 15, 2017, the Plaintiff disclosed Dr. Jorge Roman-Deynes as a treating physician, ECF No. [257-1]. In that filing, Plaintiff identified Dr. Deynes as the physician who treated the Plaintiff's injuries in this case, and stated that Dr. Deynes was expected to testify to "the extent and substance of Plaintiff's injuries, his need for future care and treatment, as well as causation and the degree to which any previous injuries or conditions of Plaintiff are or are not related to his present injuries (if Plaintiff has any previous injuries or conditions)." The disclosure further stated, "Plaintiff also reserves the right for Dr. Jorge Roman-Deynes to offer testimony to other matters reasonable or necessary for his case, such as authentication of documents and testimony regarding the cost or estimated cost (including the reasonableness thereof) of Plaintiff's past and future medical treatment and/or conditions." ECF No. [275-1] at 1-3.

Dr. Deynes was deposed on September 1, 2017 regarding his treatment of the Plaintiff, ECF No. [258-3]. In addition, Dr. Deynes offered several opinions regarding the Plaintiff's future prognosis related to his ankle injury, the causation of his injury, costs

associated with future surgeries on the Plaintiff's ankle, and days that the Plaintiff would have to miss for work related to that surgery.

On September 27, 2017, Defendant's orthopedic expert Dominic Lewis, M.D., issued an Addendum to his initial expert report wherein he addressed the opinions of Dr. Deynes offered at Dr. Deynes' deposition related to the possibility that the Plaintiff might need additional surgery to remove the hardware and whether the Plaintiff might develop post-traumatic arthritis, ECF No. [170-3] at 5-7. Dr. Lewis also addressed the opinions of Plaintiff's expert, Dr. Brad Cohen including Dr. Cohen's opinions regarding whether the Plaintiff would need future surgery related to the removal or hardware and the costs of future medical treatment, ECF No. [170-3] at 6-7.

On December 28, 2017, the Defendant filed an Omnibus Motion in Limine wherein the Defendant requested that the Plaintiff be precluded from making any arguments, reference or inferences regarding future medical care because the Plaintiff had no future medical treatment planned at that time and because no medical professional had opined that future medical care was needed, ECF No. [166] at 10-11.

In response, the Plaintiff pointed to the expert report of Dr. Brad Cohen as establishing costs associated with the Plaintiff's future medical needs, which included periodic orthopedic evaluation, radiographs, periodic physical therapy, ankle bracing and anti-inflammatory medication, which was anticipated to total, without the removal of hardware at approximately $5000.00, ECF No. [170] at 7.

In its Reply, the Defendant reiterated that Plaintiff had no medical treatment planned and that no medical professional had opined that future medical treatment was needed, ECF No. [177] at 6. Defendant then argued that because Dr. Cohen had opined that there appeared to be no need for the removal of the Plaintiff's hardware, and that he did not anticipate him to develop pain related to the hardware thereby necessitating the

need for the hardware to be removed, the suggestion that the Plaintiff might have to have the medical treatment in the future was speculative, ECF No. [177] at 6-7.

On January 18, 2018, the Parties filed their Deposition Designations and objections for Dr. Deynes, and the Defendant's objections to those designations, ECF. No. [178-1]. The Defendant objected to, among other things, Dr. Deynes' testimony regarding whether the Plaintiff would need future surgery and the cost of any such surgery, as lacking foundation, being speculative and unduly prejudicial, and as being the subject of a pending motion in limine, ECF No. [178-1] at 7-8. The Defendant also objected to Dr. Deynes' opinions, including his reliance on photographs and the guest-injury statement, regarding the cause of the Plaintiff's fall on the basis of lack of foundation, and as being outside the scope of the treating physician's records, and the failure of the Plaintiff to disclose those opinions, ECF No. [178-1] at 9-10. The Defendant also objected to Dr. Deynes' opinion regarding the Plaintiff's future prognosis and the potential that Plaintiff might develop traumatic arthritis as being speculative, lacking foundation and as an undisclosed expert opinion beyond the scope of the records, ECF No. [178-1] at 22.

In the Plaintiff's Revised Witness List which was filed on May 31, 2018, which contained the same description for Dr. Roman-Deynes as Plaintiff's January 15, 2018 Witness List, the Plaintiff described Dr. Deynes' anticipated testimony as:

> This witness is a medical doctor and Plaintiff's treating physician in the field of orthopedic surgery. This witness will testify regarding Plaintiff's medical treatment following the incident, Plaintiff's present medical condition, including the need of future medical treatment and Plaintiff's inability to participate in activities of daily living.

ECF No. [202] at 3.

At a status conference held on August 27, 2018, Judge Williams orally ruled on the Defendant's Omnibus Motion in Limine, ECF No. [258-4]. In so doing, Judge Williams

referenced one of plaintiff's physicians or experts as having estimated that Plaintiff's future medical care, absent surgery and replacing the pins, as running up to $5000.00, ECF No. [258-4] at 6. Judge Williams thus denied the Defendant's motion in limine and permitted testimony regarding future care in the amount of $5000.00, ECF No. [258-4] at 6. As to future surgery, Judge Williams stated the following, "Obviously any future surgery I don't know that that can be discussed because there would be no figure affiliated with that." ECF No. [258-4] at 6.

II.       **LEGAL FRAMEWORK**

A.       *Disclosure Requirements for Treating Physicians*

Federal Rule of Civil Procedure 26 provides, in relevant part:

>(a) Required Disclosures.
>. . .
>
>(2) Disclosure of Expert Testimony.
>
>(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
>(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
>(ii) the facts or data considered by the witness in forming them;
>
>(iii) any exhibits that will be used to summarize or support them;
>
>(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26.

B.    *Opinions by Treating Physicians*

As stated by the Eleventh Circuit in *Williams v. Mast Biosurgery USA, Inc.*, 644 F.

3d 1312 (11th Cir. 2011),

The testimony of treating physicians presents special evidentiary problems that require great care and circumspection by the trial court. Much of the testimony proffered by treating physicians is an account of their experience in the course of providing care to their patients. Often, however, their proffered testimony can go beyond that sphere and purport to provide explanations of scientific and technical information not grounded in their own observations and technical experience. When such a situation presents itself, the trial court must determine whether testimony not grounded in the physician's own experience meets the standard for admission as expert testimony. As we pointed out in *United States v. Henderson*, 409 F.3d 1293 (11th Cir. 2005), distinguishing between lay and expert testimony is an important one; arriving at an appropriate conclusion requires that trial courts be vigilant in ensuring that the reliability requirements set forth in Rule 702 not "'be evaded through the simple expedient of proffering an expert in lay witness clothing.'" *Id.* at 1300 (quoting Fed.R.Evid. 701 advisory committee's note to the 2000 amendment).

6

*Id.* at 1316-17.  Thus, while lay witnesses may testify about their own immediate perceptions, testimony that blurs into supposition and extrapolation crosses the line into expertise.  *Lebron v. Sec. of Florida Dept. Of Children and Families*, 772 F.3d 1352, 1372 (11th Cir. 2014) (citations omitted).

Further, "(w)hen a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report." *In re Denture Cream Products Liability Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (internal citation and quotations omitted). "By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." *Id.* According to Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

## III.    ANALYSIS

### A.    Defendant's Challenges to Dr. Deynes' Opinions

The Defendant generally challenges Dr. Deynes' testimony as being expert testimony that was not properly disclosed though expert reports as required by Rule 26(A)(2)(B).  Defendant further argues that the Plaintiff failed to produce other information and documents, e.g. curriculum vitae, history of fee schedule, that expert witnesses are required to produce.

In addition, the Defendant challenges certain specific opinions offered by Dr. Deynes at his deposition to the extent that those opinions relate to: 1) Whether Plaintiff Lebron will need future surgery related to the injury at issue and Lebron's prognosis; 2) What the costs of any future surgery may be; 3) What work limitations Plaintiff Lebron

may experience due to future surgeries; 4) Plaintiff's medical prognosis; 5) The cause of Plaintiff's injury, ECF No. [258] at 4-5. The undersigned addresses each of these challenges, in turn.

1. *Whether Dr. Deynes is an expert witness subject to Rule 26(a)(2)(B)*

At the outset, the undersigned observes that although Dr. Deynes was the Plaintiff's treating physician and was disclosed and identified by the Plaintiff as such, that designation does not preclude him from also providing expert testimony as a "hybrid" witness, and thereby being subject to the expert disclosure requirements set forth in Rule 26(a)(2)(B). The Advisory Committee Notes on Rule 26 provide some guidance for determining who qualifies as a hybrid witness, citing treating physicians and healthcare professionals as common examples of hybrid witnesses exempt from proving a report. See Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 and 2010 Amendments). As stated above, when physicians testify regarding opinions "formed and based upon observations made during the course of treatment" of a patient, a Rule 26(a)(2)(B) report is not necessary. *In re Denture Cream*, 2012 WL 5199597, at *4 (internal quotation marks and citation omitted). However, even treating physicians may be subject to section (2)(B) if they offer opinions that extend beyond their treatment of a patient or if they form opinions upon review of information provided by an attorney or in anticipation of litigation. *See id.* (citations omitted); see also *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *12 (N.D. Ga. Mar. 21, 2013) ("If, however, the physician's opinion was based on facts gathered outside the course of treatment ... or if the physician's testimony will involve the use of hypotheticals, then a full subsection B report will be required." (alteration added; citations omitted)).

In the case at bar, during the course of his deposition testimony, Dr. Deynes offered various lay opinions that were based on his course of treatment of the Plaintiff,

and also offered opinions that extended beyond that treatment, and thus are expert opinions that are subject to the expert disclosure requirements under Rule 26. The undersigned evaluates the nature of each of Dr. Deynes' opinions, i.e. whether lay or expert, in the context of the challenge raised by the Defendant to the specific opinion.

### 2. *Dr. Deynes' Specific Opinions Challenged by Defendant*

#### a. Whether Plaintiff Lebron will need future surgery related to his injury at issue

In its Joint Statement of Deposition Designations, the Defendant contended that Judge Williams excluded Dr. Deynes' testimony on this issue when she ruled in open court on the Defendant's Omnibus Motion in Limine, ECF No. [239]. Specifically, Defendant contends that Judge Williams ruled that Dr. Deynes may not testify regarding any future surgery or the potential cost of same, and limited his testimony to future care for orthopedic follow up visits in the amount of $5,000. The Defendant additionally argues the Plaintiff failed to disclose Dr. Deynes as an expert witness and failed to provide a report or summary of his opinion on this issue.

The Plaintiff disputes that Judge Williams made a ruling limiting Dr. Deynes' testimony in the manner asserted by Defendant, and contends that Dr. Deynes is the Plaintiff's treating physician and, as such, may testify about the extent of Plaintiff's injuries, including his need for future medical care and treatment, ECF No. [257] at 7.

The undersigned concludes that for the following reasons, Dr. Deynes may testify as to the possibility that the Plaintiff will need future surgery. First, Judge Williams did not exclude Dr. Deynes' testimony regarding either the possible need for the Plaintiff to have surgeries in the future or the costs associated with those surgeries. Rather, when the Parties argued their respective positions on the Defendant's Motion in Limine, neither party referenced Dr. Deynes' testimony, but only referred to the opinions of Dr. Cohen, ECF No. [258-4] at 6. Thus, Judge Williams never addressed any of the opinions offered

by Dr. Deynes in ruling on the Motion in Limine, and her rulings at the hearing only pertained to Dr. Cohen.[1]  Second, here, Dr. Deynes is testifying as a lay treating physician.  As the Plaintiff's treating orthopedic physician, Dr. Deynes is clearly permitted to and qualified to opine as to whether the Plaintiff will need additional surgery in the future.  In addition, Dr. Deynes' testimony on this issue was not speculative and he opined that to a reasonable degree of medical probability, it is probable that that the Plaintiff will need to have his plates and screws removed in the future, ECF No. [258-3] at 7.  Finally, the Plaintiff disclosed in his Treating Physician Disclosure that Dr. Deynes would testify to the Plaintiff's need for future medical care and treatment related to his present injuries, ECF No. [257-1] at 1.  Such an opinion by a treating physician does not require a written report if it is based on the examination and treatment of the patient, as it is in this case.

Finally, to the extent that the Defendant contends that the Plaintiff failed to provide summaries of Dr. Deynes' testimony on this issue as required by Rule 26(a)(2)(C), the undersigned concludes that this omission was harmless, and thus not a basis for excluding Dr. Deynes' testimony.  First, again the Plaintiff did timely disclose that Dr. Deynes was going to testify regarding the Plaintiff's future medical treatment.  In addition, as stated above, Dr. Lewis, the Defendant's expert physician, reviewed Dr. Deynes' deposition testimony and his opinions regarding the necessity of future surgeries, and offered a rebuttal to those opinions.  Thus, the record demonstrates that the Defendant has not suffered any prejudice due to the Plaintiff's failure to provide a summary prior to Dr. Deynes' deposition, and the Defendant has not pointed to anything

---

[1] Ruling on Motions in Limine are preliminary in nature and are subject to being revisited during the course of the trial.  *See e.g., Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10–22153–CIV, 2013 WL 750309, at *1 (S.D.Fla. Feb. 27, 2013) (stating. . . "rulings on motions in limine are not binding on a trial court and may be reconsidered during the course of trial when such issues are raised in better context.").

to suggest otherwise.  Accordingly, the Plaintiff's failure to provide a summary was harmless and not a basis for excluding Dr. Deynes' opinions.

### b. The costs of Plaintiff's future surgery

Dr. Deynes' opinions, however, regarding the costs associated with any *future* surgeries that the Plaintiff might have arguably are expert opinions, as the costs of future surgeries were not necessary for Dr. Deynes to gather during the course of treatment of the Plaintiff.  As such, the Plaintiff should have provided an expert report on this opinion in compliance with Rule 26.  In addition, at this point, Dr. Deynes' opinions related to the costs of future ankle surgery are purely speculative, where here, it is unclear when the Plaintiff might need future surgery, and there is no way to assess the reasonable value or cost of the surgery at that future time.  Accordingly, Dr. Deynes' opinion on the costs associated with future ankle surgeries should be excluded.

### c. Work limitations Plaintiff Lebron may experience due to future surgeries

Similarly, the opinions rendered by Dr. Deynes on the number of days that Plaintiff might miss from work if he were to have surgery sometime in the future were not properly disclosed and are too speculative to be reliable. This is so because, again, it is unclear when Lebron might need additional surgery to remove the hardware from his ankle.  On this point, the undersigned observes that if Dr. Deynes had been asked to render an opinion on the number of days that he anticipated that Lebron would need to recuperate from a future ankle surgery, such testimony may have well been allowed. However, because Plaintiff's counsel inquired about the number of work days that would be missed following a surgery that might not occur at some specified time in the future, it is purely speculative because it is uncertain how long in the future such surgery might occur and whether the Plaintiff will even have a job at that time that, or be required to miss work following that surgery.

### d. Future medical prognosis

During his deposition, Dr. Deynes opined that the Plaintiff could develop post-traumatic arthritis in the future, and pain upon walking.  For the same reasons discussed above related to any possible future surgeries that the Plaintiff may need, Dr. Deynes may offer his opinions regarding Plaintiff's future medical prognosis, as a lay witness because those opinions were formed as part of his course of treatment of the Plaintiff's injury.  *See e.g. Guffey v. Dillard's Inc.*, No. 3:14-cv-1469-J-32JBT, 2015 WL 12844949 (S.D. Fla. Dec. 29, 2015) (citing *Jensen v. Carnival Corp.*, Case No. 10–24383–CIV–GRAHAM/GOODMAN, 2011 U.S. Dist. LEXIS 108727, at *3 (S.D. Fla. Sept. 25, 2011) and stating "In light of the addition of subsection (a)(2)(C) to Rule 26, and the Advisory Committee notes explaining same, the Court finds persuasive the cases holding "that a treating physician may testify regarding injury causation, diagnosis, prognosis, and extent of disability, without providing a written report pursuant to Rule 26(a)(2)(B), so long as the treating physician's opinion was formed and based upon observations made during the course of treatment."). The Plaintiff therefore was not required to comply with the expert disclosure requirements, including providing an expert report prior to the Dr. Deynes' deposition testimony.  Further, any failure by the Plaintiff to provide a complete summary of Dr. Deynes' opinions regarding the Plaintiff's future prognosis is relatively harmless where the Defendant's expert reviewed the testimony of Dr. Deynes, and offered a rebuttal opinion regarding the Plaintiff's future prognosis.

### e. The cause of Lebron's injury

Dr. Deynes offered opinions regarding whether Lebron's fracture was related to the skate not being laced all the way to the top.  The Defendant objected to this testimony based upon a lack of foundation, because it called for speculation, and because Dr. Deynes is not qualified to offer this opinion because, among other things, he

12

has no experience with ice skates and does not treat ice-skating related injuries very frequently.

In response, the Plaintiff contends that because Dr. Deynes is Plaintiff's treating orthopedic surgeon, and his opinions were formed during his treatment of Lebron's injuries, those opinions are proper lay testimony. Plaintiff further argued that Dr. Deynes is qualified to testify regarding the cause of Plaintiff's incident.

The Defendant has the better of this argument. Although, it is undisputed that Dr. Deynes was Plaintiff's treating physician for the injury at issue in this case, it is not clear that his opinion regarding the cause of the Plaintiff's injuries was necessary for that treatment. Treating physicians who testify as lay witnesses may be able to testify about the cause of the injury if "their opinions about the cause of injury are needed to explain their decision-making processes to the jury or whether their opinions about the cause of injury pertained to treatment (i.e., whether the treating physicians needed to know what caused the accident in order to treat the Plaintiff)." *Carideo v. Whet Travel, Inc.*, No. 16-23658-CIV-GOODMAN, 2019 WL 1367444, *12 (S.D. Fla. March 16, 2018) (citing *Bodden v. Quigley*, No. 13-cv-21834, 2014 WL 5461807, at *2 n. 2 (S.D. Fla. Oct. 27, 2014)); see also *Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 712-13 (11th Cir. 2008) (same). *See also Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) ("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party."); *Weese v. Schukman*, 98 F.3d 542, 550 (10th Cir. 1996) (commenting that doctor's lay opinions "were based on his experience as a physician and were clearly helpful to an understanding of his decision making process in the situation.").

There is no evidence in the record to establish that Dr. Deynes needed to determine the cause of Lebron's injury to treat him in this case. Thus, Dr. Deynes'

diagnosis of the injury itself, that Lebron's right ankle was fractured, is permissible lay testimony, but any statements or opinions regarding Lebron's skates not being laced to the top were not necessary for Dr. Deynes' treatment and were not based on any observations made by Dr. Deynes during that treatment. *See Chapman v. Procter & Gamble Distrib., LLC*, 12–14502, 766 F.3d 1296, 2014 WL 4454979, at *12, n. 23 (11th Cir. Sept.11, 2014)("A treating physician providing lay testimony can testify narrowly, limited to personal knowledge resulting from providing medical care, involving consultation, examination, or treatment of a patient plaintiff."). *See also United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (distinguishing between an oral surgeon's testimony that a patient had a fractured jaw as opposed to giving a hypothesis as to the cause).

In addition, treating physicians who are not properly disclosed as experts are precluded from opining on the issue of causation. See *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1316 n. 23 (11th Cir. 2014) ("A treating physician providing lay testimony can testify narrowly, limited to personal knowledge resulting from providing medical care, involving consultation, examination, or treatment of a patient plaintiff.").

In this case, Dr. Deynes was not disclosed as an expert witness regarding the cause of the Plaintiff's fall.  The Court concludes that the failure to provide an expert report, and/or otherwise seek to qualify Dr. Deynes as an expert as to the cause of Plaintiff's fall, beyond that necessary for treatment, was not harmless, and warrants the exclusion of Dr. Deynes' opinions on this issue.

### B.    Other Issues Briefed by the Defendant

To the extent that the Defendant has addressed additional issues in its Supplemental Briefing on Evidentiary Issues that the undersigned did not reserve ruling on at the hearing on the deposition designations and did not direct the Parties to brief,

*e.g.,* testimony regarding the skates being "defective", plaintiff's count for negligent maintenance, and the purpose of experts McDonald and Wescott, the undersigned declines to address those issues as they have not been properly presented to the Court. See ECF No. [258] at 11-13.

IV. <u>CONCLUSION</u>

Therefore, it is hereby

ORDERED AND ADJUDGED that the objections to deposition designations of Dr. Deynes regarding the future treatment are sustained, in part, and overruled, in part, as discussed above in this Order. The rulings made with respect to each of the challenged designations has been recorded on the form supplied by the parties, which is attached as Exhibit A to this Order.[2]

DONE AND ORDERED at Miami, Florida, this 21st day of September, 2018.

_____
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

The Honorable Kathleen M. Williams
        United States District Judge

All counsel of record

---

[2] The portions of Exhibit A not pertinent to this Order have been grayed out.