UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:16-cv-24687-WILLIAMS/Simonton

EDGARDO LEBRON,

    Plaintiff,
v.

ROYAL CARIBBEAN CRUISES, LTD.
a Liberian Corporation,

    Defendant.
_____/

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S RULINGS ON PRIOR INCIDENTS

Plaintiff, EDGARDO LEBRON (hereinafter "Plaintiff"), by and through undersigned counsel, and pursuant to this Honorable Court's instruction on September 26, 2018 in open court for Plaintiff to file a written motion for reconsideration if he wanted it to reconsider its ruling, hereby files his Motion for Reconsideration of this Honorable Court's Ruling excluding evidence of prior ice-skating incidents. In support of his motion, Plaintiff states as follows:

### INTRODUCTION

Although Defendant moved for summary judgment on the issue of actual and constructive notice, [DE 116 at pp. 8-11], the Honorable Judge Kathleen Williams ruled that "**the issues that remain for the jury**, the issues of fact, **have to do with** the lace, **the dirtiness**, as people have referred to it, of **the ice and the bumpiness or the gouge**." See Transcript from the August 27, 2018 Pretrial Hearing Before the Honorable Judge Williams, attached hereto as Exhibit 1, at 12:12-14 (emphasis added). Prior ice-skating incidents were the only evidence of Defendant's notice of the dangers pertaining to the ice that the Honorable Chief Magistrate Judge considered in her report and recommendation on Defendant's motion for summary judgment. See Exhibit 2. [DE 220 at

pp. 16-19]. Therefore, because Plaintiff must prove Defendant's notice of the dangers pertaining to the ice, and because she found that these dangers remained as issues of fact for the jury, the Honorable Judge Williams must have found that this evidence of substantially similar prior incidents that occurred on the subject vessel or its sister ships with ice skating rinks with a *substantially similar configuration* remained for the jury to consider whether this put Defendant on constructive notice of the dangerous conditions.

For the reasons that will be set our below, Plaintiff respectfully submits that the Honorable Judge Williams was correct in finding that the prior incidents Plaintiff was relying on were substantially similar, and this Honorable Court's ruling on September 26, 2018 preventing Plaintiff from introducing excerpts of, or questioning Defendant's corporate representative on, these prior incidents was clearly erroneous. Therefore, Plaintiff respectfully submits that this Honorable Court should reconsider and reverse its rulings.

## LEGAL STANDARD

There are three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *S.P. Richards Co. v. Hyde Park Paper Co., Inc.*, No. 811CV01204EAKTGW, 2015 WL 6445663, at *2 (M.D. Fla. Oct. 23, 2015).

In the Court's Order (adopted from the magistrate's report and recommendation) on Defendant's motion for summary judgment, "[t]he Eleventh Circuit's 'substantial similarity doctrine' requires a party to provide evidence of '**conditions substantially similar** to the occurrence in question' **that 'caused the prior accident**.'" See Report and Recommendation on Defendant's Motion for Summary Judgment, [DE 220], attached hereto as Exhibit 2, at p. 17 (emphasis added) (citing *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)).

Notice can be demonstrated through the existence of prior, substantially similar incidents, but the "'substantial similarity' doctrine **does not require identical circumstances**, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287–88 (11th Cir. 2015) (emphasis added); *see Whelan v. Royal Caribbean Cruises Ltd.*, 2013 WL 5583966, at *2 (S.D. Fla. Aug. 16, 2013). "The requirement of substantial similarity is *relaxed*, however, when the evidence of other incidents is used to demonstrate **notice or awareness of a potential defect**.'" *Ree v. Royal Caribbean Cruises Ltd.*, 315 F.R.D. 682, 686 (S.D. Fla. 2016) (emphasis added).

As the Court previously ruled, evidence of prior substantially similar incidents **can include incidents on other ships in a cruise line's fleet**, as long as the dangerous conditions on those ships are sufficiently similar. See Exhibit 2, [DE 220 at pp. 17-18] (citing *Taiariol v. MSC Crociere, S.A.*, No. 0:15-cv-61131-KMM, 2016 WL 1428942, (S.D. Fla. April 12, 2016)) ("finding that falls were not substantially similar to put defendant on notice where prior incident falls occurred on defendant's ships generally, but did not reveal whether falls occurred on **either** metal stair 'nosings' **or** in theater where plaintiff in that case fell"); *see also Cox v. Royal Caribbean Cruises, Ltd.*, No. 10-22232-CIV, 2012 WL 13036848, at *2 (S.D. Fla. Mar. 14, 2012) (Denying Defendant Royal Caribbean's motion in limine to exclude prior incidents merely because the prior incidents occurred on sister ships within the same class).

Finally, as the Court previously ruled, the "proper inquiry regarding whether a cruise ship has constructive notice of an alleged dangerous condition based upon prior accidents is **not whether a defendant had notice of an object** or its physical specifications, **but whether the defendant had notice of a risk-creating condition**[.]" Exhibit 2, [DE 220 at p. 18] (emphasis added) (citing *Gorczyca v. MSC Cruise, S.A.*, No. 16-15491, 2017 WL 5125561, *2 (11th Cir.

2017) ("**Defendant had notice** that **the failure to maintain the ice properly**, as alleged by the Plaintiff in this case **might create an unreasonably dangerous condition**.")) (emphasis added). "The admission of such evidence is also subject to the reasonable discretion of the trial court." Jones & Laughlin Steel Corp. v. Matherne, 348 F.2d 394, 400 (5th Cir. 1965).

## ARGUMENT

After considering the evidence of prior substantially similar incidents presented by Plaintiff, the Court adopted the report and recommendation and recommended that Defendant's motion for summary judgment on the issue of Defendant's negligent maintenance of the ice, and notice pertaining thereto, should be denied. See Exhibit 2, [DE 220 at p. 16-19]; see also Plaintiff's Evidence of Prior Incidents, attached hereto as Exhibit 3.[1] The Honorable Magistrate Judge reviewed the list of prior incidents Plaintiff cited, and found that

> the falls cited by Plaintiff involved "**choppy ice** on the Studio B ice skating rink" [see Exhibit 3 at p. 2], a fall where "there was a **small hole 1cm. deep on the ice** floor that [the passenger] tripped on" [see Exhibit 3 at p. 4], and three separate falls on "**bumpy ice**" [see Exhibit 3 at p. 6], "**uneven ice**" [see Exhibit 3 at p. 7] and "**rough ice**." [see Exhibit 3 at p. 7] In all of those falls, presumably, the injured party had ice skates on that were issued by RCL, was skating on ice that was maintained by the same equipment used in the case at bar, and was maintained pursuant to RCL's policies in the same manner that the ice was maintained in this case. In all of those falls, presumably, the injured party had ice skates on that were issued by RCL, was skating on ice that was maintained by the same equipment used in the case at bar, and was maintained pursuant to RCL's policies in the same manner that the ice was maintained in this case.

See Exhibit 2, [DE 220 at p. 18] (emphasis added); see also Exhibit 3 at pp. 2, 4, 6, 7.

---

[1] Although there was "one line on [she] believe[d] page 26 where [the Chief Magistrate Judge] said; summary judgment is proper as to negligent design and negligent maintenance[,]" in a paragraph discussing solely negligent design and construction, The Honorable Judge Williams found that "I think she was speaking about generally other than the issues she had identified with the laces, the bumps, and the dirt." See Exhibit 1, at 16:21-17:3.

This was the only evidence of notice of the dangers pertaining to the ice cited by the Honorable Chief Magistrate Judge, see Exhibit 2, [DE 220 at pp. 16-19], and there is no dispute that the ice rinks are configured and maintained in a substantially similar manner to the ice rink at issue. Furthermore, it is undisputed that Plaintiff has alleged that similar dangerous conditions on the ice, including a gouge/groove caused his incident. See, e.g., Exhibit 2, [DE 220 at p. 4] (citing [DE 153 at p. 12)]. Therefore, the Honorable Chief Magistrate Judge correctly found that "**Defendant had notice that the failure to maintain the ice properly, as alleged by the Plaintiff in this case might create an unreasonably dangerous condition**." See Exhibit 2, [DE 220 at p. 18] (emphasis added) (citing *Gorczyca*, 2017 WL 5125561, *2).

The Honorable Judge Williams carefully considered the Honorable Chief Magistrate Judge's "very thorough [report and recommendation]" on Defendant's motion for summary judgment, see Exhibit 1 at 16:3-5, and adopted her report and recommendation. See Exhibit 1 at 11:5-7. In this regard, the Honorable Judge Williams noted that there was at least one prior substantially similar incident, and she found that "**there was enough of a genuine issue of fact to get us beyond summary judgment on notice** and obviously on the matter itself[,]" and that she "d[idn't] believe [she] [was] in a position to gain-say [the Honorable Chief Magistrate Judge]. See Exhibit 1 at 16:3-20. Therefore, the Honorable Judge Williams correctly found that "**the issues that remain for the jury**, the issues of fact, **have to do with** the lace, the dirtiness, as people have referred to it, of **the ice** and the bumpiness or the gouge." See Exhibit 1 at 12:12-14 (emphasis added).

Therefore, both the Honorable Judge Williams and the Honorable Chief Magistrate Judge were legally and factually correct to allow Plaintiff to introduce evidence of the substantially similar prior incidents at issue, and this Honorable Court's rulings to the contrary were clearly

erroneous. Plaintiff respectfully submits that this Honorable Court should reconsider and reverse its rulings

## CONCLUSION

The Plaintiff, EDGARDO LEBRON, respectfully requests that this Honorable Court grant his motion and enter an order allowing him to introduce and elicit evidence of the prior similar incidents attached to this motion as Exhibit 3, and allowing him to question Defendant's Corporate Representative on the prior substantially similar incidents which the Corporate Representative testified she "could not recall" or alternatively, read to the jury Defendant's interrogatory-form answers pertaining to the prior substantially similar incidents.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

    Respectfully submitted,

    ARONFELD TRIAL LAWYERS
    Attorneys for Plaintiff
    3132 Ponce de Leon Blvd.
    Coral Gables, Florida 33134
    Tel:    (305) 441 - 0440
    Fax:   (305) 441 – 0198

By:    *s/Matthias M. Hayashi, Esq.*_____
    Spencer Marc Aronfeld, Esq.
    Florida Bar Number: 905161
    aronfeld@aronfeld.com
    Matthias M. Hayashi, Esq.
    Florida Bar Number: 115973
    mhayashi@aronfeld.com

## SERVICE LIST

CASE NO: 1:16-cv-24687-WILLIAMS/Simonton

Spencer Marc Aronfeld, Esq.
aronfeld@aronfeld.com
Matthias Hayashi, Esq.
mhayashi@aronfeld.com
Raul G. Delgado, II, Esq.
rdelgado@aronfeld.com
ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Tel: 305-441-0440/Fax: 305-441-0198
Counsel for Plaintiff

Darren W. Friedman, Esq.
dfriedman@fflegal.com
Rachael M Fagenson, Esq. (FBN 91868)
rmitchell@fflegal.com
Clyde Dunton-Gallagher, Esq.
cgallagher@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/ Fax: 305-374-9077
Counsel for Defendant