UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-24687-CIV-WILLIAMS

EDGARDO LEBRON,

        Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

        Defendant.

_____/

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

After I've completed these instructions, you will hear counsels' closing arguments. Once counsel have completed their arguments, I will instruct you to go to the jury room and begin your discussions–what we call your deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

In this case you have heard from the following expert witnesses:

(1) Terry MacLaughlin, whose area of expertise is maintenance and operation of ice-skating arenas;

(2) Ying Lu, Ph.D., whose area of expertise is biomechanical engineering;

(3) David Wescott, whose area of expertise is maintenance and operation of ice-skating arenas; and

(4) Joseph Sala, Ph.D., whose area of expertise is human factors.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

In this case it is the responsibility of Plaintiff to prove every essential part of his claim by a "greater weight of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "greater weight of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a greater weight of the evidence, you should find against Plaintiff.

In deciding whether any fact has been proved by a greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a greater weight of the evidence, you should find for Defendant as to that claim.

Plaintiff contends that Defendant was negligent by failing to maintain the ice rink in a reasonably safe condition, specifically that the ice arena had gouges on the ice, and by providing him with skates that had broken laces. Defendant contends that there was nothing wrong with the ice rink or Plaintiff's skates and there was no negligence on the part of Defendant which caused Plaintiff's fall.

Thus, Plaintiff must prove that Defendant improperly maintained the ice and provided skates to him with laces that were broken, and that Defendant knew or should have known of this dangerous condition, and that this dangerous condition caused Plaintiff to fall and caused his injuries. If you find that Plaintiff proved this by the greater weight of the evidence, then Defendant must prove that the condition which Plaintiff alleged caused his incident was or should have been open and obvious to Plaintiff through the ordinary use of his senses.

In defense, Defendant claims that Plaintiff caused or contributed to his own injuries because he was negligent by failing to use reasonable care under the circumstances by knowingly skating with skates that had broken laces and failing to tell anyone that the laces were broken. Defendant contends that Plaintiff simply lost his balance causing his fall. Defendant must prove its defense by the greater weight of the evidence.

In order to prevail on his claim that Defendant was negligent, Plaintiff must prove all of the following facts by the greater weight of the evidence:

First:   That Defendant had a legal duty to use reasonable care by properly maintaining the ice and providing skates with unbroken laces; and

Second:   That Defendant breached that duty by failing to correct or warn Plaintiff of a dangerous condition of which Defendant knew or should have known existed;  and

Third:   That such negligence was a "legal cause" of Plaintiff's claimed injury and damages.

If the greater weight of the evidence supports does not support Plaintiff's claim, then your verdict should be for Defendant.

If the greater weight of the evidence supports Plaintiff's claim, you must next consider the defense raised by Defendant.  Defendant contends that Plaintiff was also negligent and that such negligence was a legal cause of Plaintiff's injuries.  This is a defensive claim and Defendant has the burden of proving the defense by the greater weight of the evidence.  Thus, Defendant must establish:

First:   That Plaintiff had a legal duty to use reasonable care when tying his skates and to seek help if he could not properly lace his skates; and

Second:   That Plaintiff breached that duty by skating with skates that he knew were dangerous because they were not laced properly and by not telling anyone that he could not properly lace his skates; and

Third:   That such negligence was a "legal cause" of Plaintiff's claimed injury and damages.

Finding in favor of Defendant on this defense will not prevent recovery by Plaintiff, it will only reduce the amount of his recovery. In other words, if you find that the accident was due partly to the fault of Plaintiff - that Plaintiff was, for example, 50% responsible for his own damage - then you would fill in that percentage as your finding on the verdict form that I will explain in a moment. Such a finding would not prevent Plaintiff from recovering; the Court will merely reduce his total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that Plaintiff was negligent, you might find 1% or 99%.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

I will now define some of the terms I have just used.

"Negligence" is the failure to use reasonable care under the circumstances. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something, or in failing to do something, that a reasonably careful person would not do under like circumstances.

Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger. A party is only responsible in negligence for the results of their conduct if the risk of injury is reasonably foreseeable. The exact occurrence or exact injury does not have to be foreseeable; but the injury caused by the negligent conduct must be not merely possible, but rather reasonably foreseeable.

There is negligence if a reasonably prudent person could foresee injury as a result of his conduct, and acted unreasonably or negligently in the light of what could be foreseen. On the other hand, there is no negligence if a reasonably prudent person could not have foreseen any injury as a result of his conduct, or if the party acted reasonably in the light of what could have been foreseen.

In this case, both parties have respective duties of care. Defendant and its employees have a duty to use reasonable care under the circumstances. To recover for injuries sustained in his fall, Plaintiff must show that Defendant had actual or constructive notice that the dangerous condition existed. In this case, the alleged dangerous condition is that the ice had gouges in it and the laces on Plaintiff's skates were broken.

"Actual notice" may be shown if the Defendant knew that a dangerous condition existed. That knowledge can come from Defendant's employees or a third party.

"Constructive notice" may be shown if (a) the dangerous condition existed for such a length of time that, in the exercise of reasonable care, Defendant should have known of the dangerous condition or (b) the dangerous condition occurred with regularity and was therefore foreseeable.

Similarly, the law requires Plaintiff to exercise reasonable care under the circumstances for his own safety because a ship-owner is not an insurer of its passengers' safety. That is, a ship-owner does not become liable to a passenger merely because an accident occurs. The ship-owner's duty to correct dangers or warn its passengers of dangers extends only to those dangers that are not apparent or obvious to the passenger. Defendant does not have a duty to warn Plaintiff of open and obvious dangers. An open and obvious danger is one that is perceivable to a person through the ordinary use of his senses.

Negligence is a "legal cause" of damages if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be the legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence, the negligence is foreseeable and if the negligence contributes substantially to producing such damage.

If you find for Defendant, you will not consider the matter of damages. But if you find for Plaintiff, you should award him an amount of money that the greater weight of the evidence shows will fairly and adequately compensate him for such injury as the greater weight of the evidence shows was caused by the behavior.

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by the greater weight of the evidence as full, just and reasonable compensation for all of his damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. In determining the amount of damages to be awarded to Plaintiff, if any, you cannot be governed by sympathy or prejudice, or any motive whatsoever except a fair and impartial consideration of that evidence, and you must not allow any sympathy or prejudice that you have as to any of the parties to influence you in any degree whatsoever in arriving at your verdict

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

 (a) Past medical and hospital expenses, and

 (b) Mental or physical pain and anguish, past and future

The Court has also admitted into evidence Joint Exhibit 17 titled "Ice Skating Rink - Express Assumption of Risk - Waiver and Release of Liability." This document is admitted solely for the limited purpose of showing Plaintiff's acknowledgments of the potential dangers associated with ice skating. The Exhibit cannot be considered for any other purpose. Under the law, an owner of a vessel cannot limit its liability for personal injury caused by the negligence of its employees or agents. Therefore, Joint Exhibit 17 does not waive or release any of Plaintiff's rights.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You've been permitted to take notes during the trial. Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

The verdict form will be in this green folder that will be placed in the center of your table in the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time.

That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.