UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:16-cv-24687-WILLIAMS/SEITZ

EDGARDO LEBRON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO ENTER JUDGMENT

This CAUSE is before the Court upon Plaintiff's Motion to Enter Judgment. [DE 306]. The Defendant has filed a Response [DE 382] and the Plaintiff has filed a Reply. [DE 383]. For the reasons discussed below, the Plaintiff's Motion is granted, in part. Final Judgment will be awarded to Plaintiff in the amount of: $418,937.48, consisting of $406,250.00 (65% of the jury's award of $625,000 for pain and suffering) and $12,687.48 ($10,734.21 for paid medical bills with prejudgment interest of 4.17% compounding annually), with the total sum to accrue post-judgment interest of 0.13% per annum.

    I. Background

This action involves a maritime personal injury claim brought by Plaintiff Edgardo Lebron ("Lebron") against Defendant Royal Caribbean Cruises, Ltd.'s ("RCL") for injuries he sustained while a passenger aboard a vessel operated by RCL. The jury awarded the Plaintiff $42,005.75 for past medical expenses, and $625,00.00 for pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, or other damages sustained in the past and to

be sustained in the future. [DE 303 at 2]. The jury found Defendant to be 65% at fault, with Plaintiff being 35% at fault. *Id.*

The Court, however, granted Defendant's Motion for Directed Verdict, that it had taken under advisement, and entered Final Judgment in favor of Defendant RCL [DE 345, 346]. The Plaintiff appealed that Order and Judgment. The Eleventh Circuit Court of Appeals reversed the Order granting directed verdict to the Defendant, and ordered this Court to reinstate the jury verdict in favor of the Plaintiff. [DE 380].

Pursuant to that Mandate, this Court vacated its Judgment in favor of Defendant RCL. [DE 381]. The Court also directed the Parties to complete the briefing on the issue of whether Plaintiff is entitled to an award prejudgment interest as requested in Plaintiff's initial Motion to Enter Judgment. [DE 381]. That Motion is now ripe for resolution.

II. Motion to Enter Judgment

In the Motion to Enter Judgment, Plaintiff requested a total award of $470,414.86, which included prejudgment at the interest rate or 4.17%, compounded annually. [DE 306] at 2. Plaintiff additionally sought an award of post judgment interest at a rate of 2.59%.[1] However in the recently-filed Reply, Plaintiff requests that he be awarded a total of $505,626.21, which reflects the increase in the accrued interest while this case had been pending on appeal. [DE 383] at 1-2. That revised amount is comprised of the portion of compensable medical expenses paid by Plaintiff of $12,687.48, and the portion of pain and suffering damages owed to Plaintiff of $406,250.00, (65%

---

[1] The proposed Judgment submitted by the Plaintiff also included an award of costs. [DE 306-1]. However, Plaintiff has not requested an award of costs in the Motion currently before the Court. Thus, to the extent Plaintiff requests that the Court enter Final Judgment at this juncture related to Plaintiff's costs, that request is denied.

2

of Plaintiff's pain and suffering), and includes prejudgment and one-month post-judgment interest on both sums.[2]

Defendant objects to Plaintiff's request on a number of grounds. First, Defendant asserts that because it is within the discretion of the trial court to award prejudgment interest in admiralty cases, it would be inequitable to award prejudgment interest given that Defendant won a directed verdict and two years passed transpired while the case was on appeal. [DE 382 at 3].

Defendant next argues that Plaintiff's damages were too speculative to permit an award of prejudgment interest to be applied. Defendant contends that such sums were uncertain and remained unliquidated until final judgment, and thus prejudgment interest should not accrue on those amounts. On this issue, Defendant requests that if the Court decides to award prejudgment interest, that the interest only apply to the award for Plaintiff's medical bills and not to the award for Plaintiff's pain and suffering.

Finally, Defendant contends that prejudgment interest does not apply to future pain and suffering. Defendant argues that because the jury did not specify what part of the pain and suffering award was for past damages and what part was for future damages, it is not possible to determine what portion of the award is eligible to have prejudgment interest applied.

In Reply, Plaintiff points to several admiralty cases regarding personal injuries, which allow for an award of prejudgment interest on pain and suffering. Further, although Plaintiff concedes that prejudgment interest is not available for future pain and suffering, Plaintiff contends that the Court has the discretion to award such interest to some portion of a lump sum award determined to be for past pain and suffering.

---

[2] Although the jury awarded the Plaintiff $42,005.75, at the August 27, 2018, status conference Judge Williams limited the amount of that recovery to the actual medical expenses paid by the Plaintiff. [DE 252-1 at 4-5].

3

III. <u>Analysis</u>

    A.    Plaintiff is Entitled to an Award of Prejudgment Interest

At the outset, the Court notes it is the general rule of this circuit to award pre-judgment interest in admiralty cases. *Sunderland Marine Mut. Ins. Co., Ltd v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003) (citing *Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990). Pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his. *Id.* (citations omitted). See also *Kaba v. Carnival Corp., 2011 WL 5402674, at *2* (S.D. Fla. 2011) (applying pre-judgment interest to damages award for injured passenger aboard cruise ship). A district court has discretion to deny prejudgment interest when there are peculiar circumstances that make it inequitable for the losing party to pay prejudgment interest. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1191-92 (11th Cir. 2009).

In this case, there is no reason to deviate from the general rule of awarding pre-judgment interest in admiralty or maritime cases. There are no "peculiar circumstances" that would render an award of prejudgment interest inappropriate. Defendant's argument that an award of prejudgment interest would be inequitable because this case has been on appeal for two years is to no avail. Rather, given that an award of pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his, Plaintiff is entitled to prejudgment on those sums that were rightfully his that he was unable to use due to having to pay his medical bills incurred by the accident in this case. See *Kaba v. Carnival Corp.,* No. 10-21627, 2011 WL 5402674, at *1 (S.D. Fla. June 20, 2011). Accordingly, Lebron is entitled to an award of prejudgment interest.

B. Prejudgment Interest May Not Be Awarded for Future Pain and Suffering

While the Plaintiff is entitled to an award of prejudgment interest for his past medical bills that he has paid, prejudgment interest may not be awarded on future damages.  In this case, the jury awarded a lump sum of $625,00.00 for "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, or other damages sustained in the past and to be sustained in the future." [DE 303 at 2].  However, the jury did not specify which portion of that award was for past pain and suffering, and which portion was for future pain and suffering.

The Eleventh Circuit has held that when this type of lump sum award is handed down by a jury, the trial court in its discretion may determine that prejudgment interest should not be awarded at all. *Reichert v. Chemical Carriers, Inc.*, 794 F.2d 1557 (11th Cir. 1986).[3]  In *Reichert*, the reviewing Court stated,

> For prejudgment interest to be proper there must be some way for the court to determine the correct amount to award. Here, the jury's lump sum damage award presumably was intended to compensate [plaintiff] for both past and future damages. As to future damages, however, prejudgment interest is inappropriate. The judge therefore had no way to determine upon what portion of the judgment, if any, to award prejudgment interest. [Plaintiff] does not contend that he had asked for and been refused a jury instruction on prejudgment interest, or an instruction that the jury should return an itemized verdict. Under these circumstances the district court did not abuse its discretion in refusing to make a guess as to the appropriate amount of prejudgment interest.

*Id.* at 1559. Thus, although Plaintiff argues that the Court may award some portion of prejudgment

---

[3] The Court is aware that other circuits have permitted an award of prejudgment interests on lump sum jury awards.  See, e.g., *Drachenberg v. Canal Barge Co.*, 621 F.2d 760 (5th Cir.1980) (allowing prejudgment interest on a district court's entire damage award which was not divided into components for past and future losses). See also *Hillier v. Southern Towing Co.,* 740 F.2d 583, 586 (7th Cir.1984), cert. denied, 469 U.S. 1190, 105 S.Ct. 961, 83 L.Ed.2d 966 (1985) (reversing trial court for refusing to award prejudgment interest on a jury award for pain and suffering and loss of society, even though the award for loss of society was not divided into separate components for past and future loss).

5

interest to this lump sum, the Plaintiff has not provided any method for the undersigned to make such a calculation. Nor has the Plaintiff argued that he was refused a jury instruction on prejudgment interest or that he asked for an itemized verdict. Thus, to avoid speculation, there will be no award of prejudgment interest on the lump sum award for pain and suffering.

    C.    Calculation of Prejudgment and Post Judgment Interest

        1. Prejudgment Interest

In *Sunderland Marine Mutual Insurance Co. v. Weeks Marine Construction Co.*, 338 F.3d at 1280, the Eleventh Circuit held, in an admiralty case, that the rate of prejudgment interest that should be awarded is the prime rate during the relevant period. However, in *Werner Enterprises, Inc. v. Westwind Mar. Int'l, Inc.*, 554 F.3d 1319, 1329 n.10 (11th Cir. 2009), the reviewing Court stated, "In the absence of a controlling statute, the choice of a rate at which to set the amount of prejudgment interest is within the discretion of a federal court." See also *Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d 940, 947 (11th Cir.1986) (holding that admiralty courts have discretion in setting the rate of prejudgment interest). In addition, the pre-judgment interest begins to accrue from the date a plaintiff sustained his injury. *Id.*

Plaintiff has calculated the pre-judgment interest to be 4.17% for the relevant period. In his initial Motion, Plaintiff identified this rate as the average prime rate from the date of injury to the date of judgment; he cited the Federal Reserve's website as the basis for the calculation. [DE 306 at 2, n. 2]. The Defendant has not objected to this rate.[4] Accordingly, the prejudgment interest to be applied is the rate of 4.17% compounding annually to the sum of $10.734.22, which is the total of the actual medical expenses Plaintiff paid minus his comparative fault, from the date of injury

---

[4] Defendant has accepted Plaintiff's proffer that $10,734.22 is the amount of actual medical expenses recoverable. [DE 382 at 2, n.1].

6

on June 20, 2016 until September 4, 2020, the date of entry of the Final Judgment.[5]  The Plaintiff has calculated this amount to be $12,687.48, and Defendant has not objected to this calculation.

        2. Post-judgment Interest

Pursuant to 28 U.S.C. § 1961, Plaintiff shall also be awarded post judgment interest at a rate of 0.13%.[6]  Defendant has not contested Plaintiff's request for post-judgment interest. Accordingly, post-judgment interest is to be calculated at 0.13% per annum.

Thus, for the reasons discussed above, it is

**ORDERED** that:

1.      Plaintiff's Motion to Enter Final Judgement [DE 306] is **GRANTED** in part.

2.      Final Judgment will be awarded to Plaintiff in the amount of: $418,937.48, consisting of $406,250.00 (65% of the jury's award of $625,000 for pain and suffering) and $12,687.48 ($10,734.21 for paid medical bills with prejudgment interest of 4.17% compounding annually), with the total sum to accrue post-judgment interest at a rate of 0.13% per annum.

---

[5] The Prime Rate for the period June 2016 through September 4, 2020, was, in chronological order, 3.51, 4.10, 4.91, 5.28, 3.69.  Thus, the average rate provided by Plaintiff is slightly lower than the average rate during the applicable time.

[6] 28 U.S.C. § 1961, provides, "Interest shall be allowed on any money judgment in a civil case recovered in a district court.". . ."Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.  ."  The interest rate published by the Clerk of Court for the week ending August 28, 2020, for Civil Judgment entered between August 31 - September 6, 2020 is 0.13%. In the Motion and Reply, Plaintiff requested that the Court apply a post-judgment rate of 2.59%, [DE 306 at 2, 383 at 2].   The undersigned has adjusted the rate to reflect the current post judgment interest rate.

3. Final Judgment will be issued by way of separate order.

**DONE AND ORDERED** in Miami, Florida, this 4th day of September, 2020.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc: All counsel of record