UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:16-cv-24687-WILLIAMS/SEITZ

EDGARDO LEBRON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION OF COURT'S ORDER (DE 384) ON
PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

This CAUSE is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Granting, in part, and Denying, in part, Plaintiff's September 4, 2020 Motion to Enter Judgment, dated (DE 386). That Order denied Plaintiff's original request for a prejudgment interest award on the jury's lump sum for past and future pain and suffering because Plaintiff did not provide an objective method for the determining what portion of the jury's verdict was for past versus *future* pain for which the law does not allow a prejudgment interest award. The Defendant has filed an opposition (DE 387) and the Plaintiff filed a Reply (DE 388). Plaintiff's Motion for Reconsideration must be denied because Plaintiff does not satisfy the standard for reconsideration.

    I. Motion for Reconsideration

        A. *Federal Rule of Civil Procedure 59(e)*

Because Plaintiff moved for reconsideration of the Final Judgment within twenty-eight days of the judgment's issuance, his motion is considered under Federal Rule of Civil Procedure

59(e).[1] See *Mahone v. Ray*, 326 F.3d 1176, 1177 n.l (11th Cir. 2003). Relevant for this case, the only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999).[2] A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Further, "the moving party-must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" *Townsend v. Gray*, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### B. *Plaintiff's Motion for Reconsideration*

Plaintiff's motion contends that the Court misapprehended Plaintiff's Motion for Entry of Judgment and incorrectly described him as seeking prejudgment interest on only a portion of the award of pain and suffering when he actually sought to recover prejudgment interest on the entire award. (DE 386 at 3-4). Disregarding his original reply which underscores the artful stretch of the present contention, Plaintiff now says he has reconsidered his original position and asks that

---

[1] Plaintiff has cited both Rule 59 and Rule 60 in his Motion for Reconsideration. Those rules are distinct. *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988). Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute; Rule 60 applies to motions for reconsideration of matters collateral to the merits. *Id.* A "district court may act under Rule 60(a) only to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time." *Vaughter v. E. Air Lines, Inc.*, 817 F.2d 685, 688–91 (11th Cir. 1987).

[2] Under Rule 59(e), courts may also consider new arguments based on an "intervening change in controlling law" 11 Wright & Miller § 2810.1, at 161–162 (3d ed. 2012). Plaintiff does not seek relief on this ground.

prejudgment interest be applied to only 75% of the pain and suffering lump award because the bulk of his trial testimony pertained to his past pain and suffering compared to his testimony on his future pain and suffering. Defendant opposes Plaintiff's reconsideration motion maintaining Plaintiff's proposed 75% calculation is arbitrary and speculative. (DE 387 at 6-7).

II.     Analysis

A.   *The Court Did Not Misconstrue Plaintiff's Request for Prejudgment Interest*

Notwithstanding Plaintiff's present contention, the Court read Plaintiff's initial Motion for Entry of Judgment to request solely prejudgment interest on the portion of the jury's lump award that corresponded to Plaintiff's *past* pain and suffering. That is because that Motion not only acknowledged the law prohibited *future* pain and suffering prejudgment interest awards but it also stated: "Plaintiff respectfully requests that the Court award her (sic) prejudgment interest on her (sic) past damages as dictated by the law of this jurisdiction." (DE 306 at 3). The Court denied Plaintiff's motion for a pain and suffering prejudgment award because it failed to give the Court an objective method to draw the line between past and future pain and suffering and essentially asked the Court to speculate how the jury would have allocated the lump sum.[3]

The Court must deny Plaintiff's request to reconsider its denial of an award of prejudgment interest on pain and suffering. Not only did the Court did not misconstrue Plaintiff's request for an award of prejudgment interest on permissible past pain and suffering, but also Plaintiff still cannot provide an objective measure to allocate the jury's lump sum award between past and future pain and suffering. Thus, there is no basis for the Court to reconsider its Order on that issue.

---

[3] Although Plaintiff cited cases that awarded prejudgment interest on lump sum pain and suffering amounts, those cases were from other circuits and were not consistent with this circuit's holding in *Reichert v. Chemical Carriers, Inc.*, 794 F.2d 1557, 1559 (11th Cir. 1986), which explicitly stated that prejudgment interest should not be awarded on future pain and suffering damages. The Final Judgment entered in Plaintiff's favor in the amount of $438,732.90 included an award of prejudgment interest on Plaintiff's medical bills, only. (DE 385).

3

### B. *It Remains Unclear What Portion of the Jury's Lump Sum Award Was for Past Pain and Suffering*

Plaintiff's motion asks for another bite at the apple to obtain prejudgment interest on pain and suffering. Such would be patently unfair for two reasons. First, Counsel could have requested a verdict form that separated the jury's award for past and future pain and suffering. For whatever reason, perhaps strategic, Plaintiff's Counsel decided not to make that request. As a result of this failure, Plaintiff's Counsel had to argue in his first motion that the Court essentially pluck a number from the sky to guess what portion of the lump award the jury intended to compensate Plaintiff for past pain and suffering, and what portion of that award did it intend to compensate Plaintiff for future pain and suffering.

Second, he is back seeking reconsideration, making the same arguments as before but now contenting that 75% of the jury's award was for past pain and suffering. Plaintiff bases that contention on his assessment of the amount of Plaintiff's testimony at trial that pertained to his past pain and suffering as compared to the amount of testimony devoted to his future pain and suffering. Plaintiff argues that awarding prejudgment interest on 75% of the lump sum amount would resolve any concerns that the Court has regarding speculation and avoid injustice for Plaintiff's clear and severe pre-verdict pain and suffering.

Unfortunately, having carefully reviewed the trial testimony, the Court must conclude that Plaintiff has not demonstrated facts of a strongly convincing nature that the jury would have awarded 75% of its pain and suffering award for past pain and suffering, as opposed to future pain and suffering. It is not surprising that Plaintiff's trial testimony related more to past pain and suffering than that for future pain and suffering because the past pain and suffering had already occurred. Thus, Plaintiff could easily recount his experience with past pain and suffering, but

4

obviously would not be able to provide as extensive testimony as to pain and suffering that had not yet occurred.

By citing to portions of the trial transcript, Plaintiff attempts to buttress his argument that his pre-judgment pain was immense and his future post-judgment pain and suffering was nominal and *de minimis* (DE 386 at 4). However, at trial, Plaintiff also testified regarding his current physical condition as follows:

> Q: We are going to fast forward to today, which is about two years, more or less, since the fall on the ship.
>
> A: Okay.
>
> Q: Tell us how you are doing.
>
> A: Well, basically I am doing well. I continue working. Thanks to God. And even though I stayed feeling the pain in some instances, thanks to God I have a good recovery from—for my—from my accident.
>
> Q: Do you have any difficulty doing anything now that you relate to the fall on the ship and the subsequent surgery?
>
> A: Well, when I –when I am too much time sit and I start to walk again, I feel pain, and I cannot like walk correctly. And I feel pains to the temperature. When it's too cold or either it's too hot, I feel a lot of pain. So that's—I also have when I come from work at 9 or in the afternoon, I have a lot of swelling.
>
> Sometimes I have to put hot water or ice in my right ankle because of the pain and I cannot continue doing some movement like I used to prior to the accident because I don't have the same capacity to move. I lose some move—
>
> THE INTERPRETER: Mobility.
>
> A: --in my right ankle.
>
> Q: And how does that loss of mobility affect the quality of your life?
>
> A: When I have to—
>
> THE INTERPRETER: When I have to bend.

5

> A: When I have to bend to pick up something, when I sometimes when I taking a bath and I have to bend, you know, that affect my mobility.

(DE 316 at 50-51).  Similarly, one of Plaintiff's daughters testified that at the time of the trial the Plaintiff could not walk long distances, that extreme temperatures bothered him and his feet swell a lot. (DE 320 at 20).  Plaintiff's other daughter testified that since the accident on the ship, her father complains when they are walking. (DE 323 at 16).

Finally, in closing argument, Plaintiff's Counsel argued that Mr. Lebron's pain and suffering started the moment he fell on the ice.  However, Plaintiff's Counsel also argued that statistically, Mr. Lebron will live almost 35 years, and that he will have to live with his pain and suffering, emotionally and physically, for the rest of his life. (DE 317 at 124-25).

Thus, the record belies Plaintiff's argument that the testimony established that his future pain and suffering was extremely minimal compared to enormous past pain and suffering.  An argument can also be made that the bulk of the jury's award could have just as likely been for Plaintiff's future pain and suffering as it daily affects the essential human activity of walking. As such, the record leaves the Court to "guess" – 50%, 40%, 20%, 98% etc. – how much of the lump sum is for past versus future pain and suffering.

Although the Court sympathizes with Plaintiff Edgardo Lebron's desire to be compensated fully for his injuries, and regrets the law required a denial of his original motion, the Court must follow the law and cannot arbitrarily pluck a number as it speculates about the jury's intention. The law of this circuit is clear, the Court may not award prejudgment interest on future pain and suffering. *Reichert v. Chemical Carriers, Inc.*, 794 F.2d 1557, 1559 (11th Cir. 1986).[4]  Therefore,

---

[4] Plaintiff cites *Deakle v. John E. Graham & Sons*, 756 F. 2d 821, 833 (11th Cir. 1985) for the proposition that the Eleventh Circuit let stand, an award of prejudgment interest on a lump sum pain and suffering verdict.  However, that case did not indicate whether the lump sum included

because it is unable to determine objectively what portion of the jury's verdict is for past pain and suffering only, the Court did not award prejudgment interest on the jury's lump sum award that was for both past and future pain and suffering. Accordingly, it is

**ORDERED** that:

1. Plaintiff's Motion for Reconsideration regarding Plaintiff's Motion to Enter Judgment, dated September 4, 2020 (DE 386) is **DENIED.**

2. The Final Judgment entered by this Court on September 8, 2020 (DE 358) remains the Final Judgment in this case.

**DONE AND ORDERED** in Miami, Florida, this 9th day of November, 2020.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   All counsel of record

---

future pain and suffering, and it did indicate that the plaintiff's physical injuries resolved in a relatively short time, unlike Plaintiff Lebron's. In addition, the court in that case was able to determine that $25K of the $50K jury award was for past wages, only, and awarded prejudgment interest on the remaining sum. A year after *Deakle*, in *Reichert v. Chemical Carriers, Inc.*, 794 F. 2d 1557 (11th Cir. 1986), the Eleventh Circuit made clear that prejudgment interest on future damages is inappropriate. *Id.* at 1559.