**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:16-cv-24687-KMW

EDGARDO LEBRON,

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

     Defendant.

_____/

**REPORT AND RECOMMENDATION[1] ON PLAINTIFF'S BIILL OF COSTS**
**AND PLAINTIFF'S PARTIALLY UNOPPOSED MOTION TO TAX COSTS**

     **THIS CAUSE** is before the Court upon Plaintiff Edgardo Lebron's ("Plaintiff") Bill of Costs, ECF No. [389], and his Partially Unopposed Motion to Tax Costs (the "Motion"), ECF No. [390].  Defendant Royal Caribbean Cruises, LTD. ("Defendant") filed its Response in Opposition to Plaintiff's Motion, ECF No. [391], and Plaintiff filed his Reply, ECF No. [392].[2]  Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Bill of Costs and Motion, ECF Nos. [389], [390], be **GRANTED IN PART AND DENIED IN PART**.

     **I.**     **BACKGROUND**

     On November 9, 2016, Plaintiff filed a Complaint against Defendant asserting one count for negligence stemming from an injury that occurred while Plaintiff was ice skating on

---

[1] The Honorable Kathleen M. Williams, United States District Judge, referred this matter to the undersigned "for all appropriate post-judgment action."  ECF No. [352].

[2] On May 10, 2021, the parties appeared for a hearing before the undersigned.  ECF No. [401]. Following the hearing, Plaintiff filed a Notice of Non-Agreement indicating that the parties were unable to reach an agreement regarding the Motion.  ECF No. [402].

Defendant's ship.  ECF No. [1].  The parties proceeded to trial and the jury rendered a verdict for Plaintiff.  ECF No. [303].  Following the jury verdict, the Court granted Defendant's Motion for Directed Verdict, ECF No. [345], and entered Final Judgment in favor of Defendant, ECF No. [346].  On appeal, the Eleventh Circuit Court of Appeals reversed the Order granting the Directed Verdict, ECF No. [380], and ordered the District Court to reinstate Plaintiff's jury verdict, ECF No. [381].  On September 9, 2020, final judgment was entered in favor of Plaintiff and against Defendant, rendering Plaintiff the prevailing party.  ECF No. [385].

On October 5, 2020, pursuant to Federal Rule of Civil Procedure 54(d)(1), Plaintiff moved to recover $33,046.51 in costs.  ECF Nos. [389], [390].  Pursuant to Southern District of Florida Local Rule 7.1, the parties conferred and reached agreements on $26,614.79 of the $33,046.51 requested costs.  ECF Nos. [390] at 9–10, [391] at 11.

On October 19, 2020, Defendant filed its Response in Opposition to Plaintiff's Motion, disputing the remaining $6,431.72 sought by Plaintiff.  ECF No. [391] at 2–12.  Defendant disputes (1) service of process costs, including a $65.00 fee for an unsuccessful service attempt on Joseph B. Sala, Ph.D. ("Dr. Sala") and a $60.00 fee for an unsuccessful service attempt on David Wescott ("Mr. Wescott"); (2) deposition related costs, including a $475.00 conference room fee for the depositions of Abel Rivera ("Mr. Rivera") and David Ferrie ("Mr. Ferrie"), a $476.25 photocopy fee for the deposition of Dr. Jorge Roman-Deynes ("Dr. Roman-Deynes"), $70 in court reporter travel fees for the depositions of Mr. Ferrie and Dr. Roman-Deynes, $243.40 in  exhibit costs for the depositions of Dr. Sala and Mr. Wescott, and $33.00 in shipping costs for the deposition of Mr. Wescott; (3) $1,198.00 in PACER fees; and (4) $3,811.07 in photocopying costs.  *Id.*

## II.        ANALYSIS

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute.  *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)).  A presumption exists in favor of awarding costs.  *Id.*  A court may award the prevailing party costs enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).  "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so."  *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Upon the filing of a timely bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of 28 U.S.C. § 1920 or are otherwise unreasonable.  *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, No. 07-80439-CIV, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case").  In turn, "[w]hen challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party."  *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *1 (S.D. Fla. Sept. 29, 2009).

Section 1920 "defines the term costs as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)."  *Crawford Fitting*, 482 U.S. at 437 (quotations omitted).  The specific costs which may be awarded set forth in Section 1920 are as follows:

(1)        Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In this case, the parties agree that Plaintiff is the prevailing party, warranting an award of taxable costs pursuant Section 1920. *See EEOC v. W & O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (noting that where entitlement is undisputed, the only issue before the court is the amount of costs to be awarded). Of the $33,046.51 in costs that Plaintiff requests in his Bill of Costs and Motion, Defendant has already agreed to pay Plaintiff $26,614.79. ECF No. [391] at 11. Additionally, in his Reply in Support of the Motion, Plaintiff conceded that the $70.00 court reporter travel expenses requested are not taxable under Section 1920. ECF No. [392] at 3. Accordingly, the only issue before the Court is whether the remaining $6,361.72 in costs are recoverable.

**(1) Service of Process Costs**

Plaintiff requests $250.00 incurred in attempting to serve subpoenas on Dr. Sala and Mr. Wescott. ECF No. [390] at 4. Defendant disputes $125.00 of the $250.00 requested. ECF No. [391] at 3–4. As to Dr. Sala, Plaintiff's first service attempt in early November was unsuccessful because Dr. Sala was not present in his Philadelphia office and his secretary refused to accept service on his behalf. ECF No. [389] at 5. Dr. Sala's secretary directed the process server to an address in California, but the attempt to effectuate process was also unsuccessful there. *Id.* As to Mr. Wescott, Plaintiff provided no explanation for the two service attempts. *Id.* at 8. The record only indicates that Mr. Wescott was successfully served on October 13, 2017, at 5:00 PM. *Id.*

In its Response, Defendant argues that the Court should only award $65.00, the cost associated with one attempted service on Dr. Sala, and $60.00, the cost associated with the completed service on Mr. Wescott, because Plaintiff did not justify the need for second service attempts on Dr. Sala and Mr. Wescott and rush fees were unnecessarily charged for the second service attempts. ECF No. [391] at 3–4. In his Reply, Plaintiff reasserts his right to full recovery, arguing that costs for multiple service attempts can be awarded when minor mistakes are corrected quickly by the process server. ECF No. [392] at 1–2.

Service of process costs are recoverable under Section 1920(1). "Although § 1920(1) specifically mentions the term 'marshal,' the Eleventh Circuit has held service by a private process server to be compensable." *James v. Wash. Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (citing *W & O Inc.*, 213 F.3d at 623)). Courts in this District have refused to provide reimbursement for multiple service of process attempts where the requesting party has failed to explain the necessity for subsequent attempts. *Mid-Continent Casualty Co. v. JWN Constr., Inc.*, No. 17-80286-CIV, 2019 WL 8402872, at *3–4 (S.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 9:17-CIV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), *aff'd*, 823 F. App'x 923 (11th Cir. 2020) (concluding that plaintiff was not entitled to costs for multiple service attempts because it did not explain why service was repeatedly attempted at the wrong location, nor why the subpoena was repeatedly addressed to the incorrect recipient); *Cadle v. Geico Gen. Ins. Co.*, No. 6:13-CIV-1591-ORL-31, 2015 WL 4352048, at *3 (M.D. Fla. July 14, 2015) ("[I]t is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts.") (citing *Cobb v. City of Roswell, Ga.*, 987 F. Supp. 2d 1319, 1324 (N.D. Ga. 2013)).

5

In *Cadle*, the defendant requested costs for attempting to serve on two different occasions. 2015 WL 4352048, at *3. The court only awarded costs for the one successful service because the invoice submitted did not explain why the first service attempt was unsuccessful. *Id.* The court explained that although "the need for multiple service attempts is due to matters outside the control of the party issuing the subpoena . . . it is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts. " *Id.* (citing *Cobb*, 987 F. Supp. 2d at 1324). As a result, the court concluded that because the invoice did not contain information regarding "why the process server was unable to serve[] . . . [d]efendant should not recover the costs incurred for the first attempt." *Id.* Similarly, in *JWN Construction*, the plaintiff requested costs for six service attempts on a party, five of which were unsuccessful. 2019 WL 8402872, at *3–4. The court only awarded "the actual cost of one completed service" because the moving party failed to "justify[] the need for multiple service attempts." *Id.* at *4. Specifically, the court concluded that an invoice providing only information about service dates, locations, and recipients, without an explanation as to why they failed or why logistics on subsequent attempts were changed, was not sufficient evidence to determine that multiple service attempts were necessary. *Id.*

Here, the undersigned finds that Plaintiff is entitled to recover $130.00 incurred for the attempted service on Dr. Sala and only $60.00 for the completed service on Mr. Wescott. As to Dr. Sala, Plaintiff has sufficiently demonstrated why the first service attempt was unsuccessful and why a second service attempt at a different location was necessary. ECF No. [389] at 5. The invoice provided in support of Plaintiff's Bill of Costs notes that Dr. Sala was not present in his Philadelphia office during the first service attempt and his secretary refused to accept service on his behalf. *Id.* The invoice further notes that an alternative California address was provided, and

6

that service was also attempted there.  *Id.*  As a result, the Court finds that Plaintiff has provided sufficient evidence to justify the need for multiple service attempts on Dr. Sala.

However, as to Mr. Wescott, Plaintiff has not provided any information as to why two service attempts were required.  *Id.* at 8.  Indeed, the invoice provided along with the Bill of Costs is devoid of any explanation as to why multiple service attempts were necessary.  *Id.*  The invoice only conveys that Mr. Wescott was successfully served on October 13, 2017.  *Id.*  Because the undersigned cannot make a determination as to whether a second service on Mr. Wescott was necessary, Plaintiff is only entitled to recover the undisputed $60.00 for the completed service on Mr. Wescott.[3]  Thus, the undersigned concludes that Plaintiff is only entitled to recover $65.00 of the $125.00 disputed service of process costs.

**(2) Deposition Related Costs**

In this case, four categories of costs related to depositions are in dispute: (a) conference room costs, (b) photocopy costs, (c) exhibit costs, and (d) shipping costs.  Section 1920(2) authorizes deposition costs.  *W & O, Inc.*, 213 F.3d at 620 ("Taxation of deposition costs is authorized by § 1920(2).") (citing *United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir.1963)).  However, if deposition costs are incurred "for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."  *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)).  Thus, a prevailing party's ability to recover deposition costs "depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'"  *Id.* at 621 (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981)).

---

[3]  Although Defendant argues that Plaintiff is not entitled to rush fees, ECF No. [391] at 3–4, the record does not reflect that Plaintiff seeks any rush fees.  *See* ECF No. [390] at 4.

### a. Conference Room Costs

Plaintiff requests $475.00 in conference room fees incurred for the depositions of Mr. Rivera and Mr. Ferrie.  ECF No. [390] at 5–8.  Plaintiff claims that the conference room rental was necessary for case preparation.  *Id.*  In its Response, Defendant merely provides that "conference room costs are generally not recoverable" without more.  ECF No. [391] at 5–6.  In his Reply, Plaintiff reasserts that his conference room fees are taxable because the rental fees were associated with the depositions for which they were incurred.  ECF No. [392] at 2–3.

Defendant first relies on *Salinero v. Ethicon, Inc.*, for the proposition that conference room costs are not recoverable.  No. 1:18-CV-23643, 2020 LEXIS 128484, at *13–14 (S.D. Fla. July 16, 2020).  In *Salinero*, the defendant moved to tax "conference room costs . . . associated with administering depositions."  *Id.*  The court concluded that conference room costs were incidental, and therefore not taxable under Section 1920(2).  *Id.* at 13–14; *see also Shannon v. AMTRAK*, No. 17-23314-CIV-UNGARO, 2019 U.S. Dist. LEXIS 198410, at *8 n.1 (S.D. Fla. Nov. 14, 2019) (concluding that conference room costs are not taxable under Section 1920(2)); *see Groves v. Royal Caribbean Cruises, Ltd.*, No. 09-20800-Civ-TORRES, 2011 U.S. Dist. LEXIS 27037, at *7 (S.D. Fla. Mar. 2, 2011) ("Incidental charges relating to depositions, however, like conference call charges or conference room deposits, are not directly related to the transcripts themselves.  They are thus miscellaneous costs that are not included within the literal scope of the subsection, nor are they compensable otherwise.").  *But see RGF Environ. Gp v. Activ Tek Environ. Corp.*, No. 08-80682-CIV, 2010 LEXIS 84340, at *8 n.1 (S.D. Fla. July 21, 2010) ("The undersigned has allowed the plaintiff to recover for the court reporters' mileage, administrative/processing fees, conference room charges and notary certificate.  The defendants did not specifically object to these charges,

and the undersigned finds that they were necessary costs incurred in connection with the depositions, rather than for the convenience of counsel.").

Here, the undersigned finds that Plaintiff is not entitled to recover $475.00 in conference room rental costs for two separate depositions. Indeed, Section 1920, by its own terms, does not contemplate the recovery of conference room costs. Instead, the only basis for recovering such costs is through Section 1920(2) if the costs relate to transcripts necessary for use in the case. The record does not reflect, and Plaintiff does not explain, why the purported conference rooms directly relate to transcripts necessarily obtained for use in the case. As a result, the Court finds that the conference room costs were incidental and not taxable under Section 1920(2), and therefore, Plaintiff is not entitled to recover the $475.00 in conference room costs.

### b. Photocopy Costs

Plaintiff requests $476.25 in photocopy fees incurred for the deposition of Dr. Roman-Deynes. ECF. [390] at 8–9. Plaintiff alleges that the costs were necessarily incurred in case preparation but provides no further explanation. *Id.* Plaintiff submitted an invoice for Dr. Roman-Deynes's deposition, which reflects 635 "B/W Photocopies (PR)" made at $0.75 per page, totaling to $476.25. ECF No. [389] at 24. In its Response, Defendant argues that Plaintiff should not be permitted to tax the photocopies because (1) "Plaintiff has not presented any evidence that the photocopies were necessary"; and (2) "Plaintiff was also the party that noticed the deposition of [Dr. Roman-Deynes]." ECF No. [391] at 7. In his Reply, Plaintiff provides that the photocopies were necessary because they were of a "deposition transcript [that] included . . . medical records and photographs of Plaintiff's treatment which Plaintiff's counsel went over with Dr. Roman-Deynes in person in order to best preserve his testimony," and that the records "were extensively testified to at trial." ECF No. [392] at 3.

Section 1920(4) provides for the recovery of "costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 U.S. Dist. LEXIS 63112, at *22 (S.D. Fla. May 4, 2012) (concluding that photocopy costs were not recoverable because there was no explanation of the purpose and use for the copies). However, in requesting copying costs, a party "cannot simply make unsubstantiated claims that copies of the documents were necessary." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (citing *Helms v. Wal-Mart Stores, Inc*., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993)).

For example, in *Khoury v. Miami-Dade County School Board*, the defendants requested photocopying costs incurred over two years of litigation. No. 16-20680-CIV, 2018 U.S. Dist. LEXIS 202621, at *10 (S.D. Fla. Nov. 28, 2018). The plaintiff objected, arguing that the defendants "failed to describe with particularity what these copies consisted of." *Id.* The court concluded that defendants were not entitled to photocopying costs, finding their vague explanation that the copies were essential to trial preparation to be "generic" and "insufficient." *Id.* (citing *Monelus*, 609 F. Supp. 2d at 1335).

The undersigned finds that Plaintiff is not entitled to recover $476.25 in photocopy costs. Plaintiff requests reimbursement for 635 black and white photocopies at $0.75 for Dr. Roman-Deynes's deposition. ECF No. [389] at 24. Plaintiff has failed to provide any explanation of the substance and necessity for the copies. As the record stands, the undersigned is unable to discern whether the copies were made for necessity or for convenience. Therefore, because the request lacks explanation, the undersigned finds that Plaintiff is not entitled to photocopying costs.

### c.  Exhibit Costs

Plaintiff requests $243.40 in exhibit costs for the depositions of Dr. Sala and Mr. Wescott. Plaintiff claims that said costs were necessarily incurred and are taxable pursuant to Section 1920(2).  ECF No. [390] at 4–8.  As to Dr. Sala, the Bill of Costs reflects exhibit costs for 213 pages of "Exhibits (201-350 pages)" at $0.60 per page for a total of $127.80.  ECF No. [389] at 28.  As to Mr. Wescott, the Bill of Costs reflects exhibit costs for 136 pages of "Exhibits (1-200 pages)" at $0.85 per page for a total of $115.60.  *Id.* at 20.

In its Response, Defendant contends that Plaintiff has failed to demonstrate that the exhibit copies were necessary, and thus, are not recoverable.  ECF No. [391] at 8–9.  In his Reply, Plaintiff asserts that the exhibit copies were necessary because (1) Plaintiff "needed the exhibits to cross Dr. Sala, as these exhibits included Dr. Sala's report and a transcript of a prior deposition he testified in," rendering them essential to the preservation of his testimony; and (2) the exhibits used for the cross examination of Mr. Wescott "included [his] report and his extensive case documents . . . which Plaintiff needed to copy in order to" cross-examine him either during his deposition or at trial.  ECF No. [392] at 3–4.

Under Section 1920(4), photocopy costs can be awarded if the moving party shows that they were necessarily incurred.  *W & O Inc.*, 213 F.3d at 622–23.  However, "exhibit costs are not taxable because" courts have not been given the "statutory authorization" to do so.  *Id.* (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987)). "The costs of photocopies attributable to discovery, as well as. . . copies of exhibits and copies prepared for the court may all be recoverable; the key is whether they were necessarily obtained." *Spatz*, 2012 LEXIS 63112, at *17–18 (quoting *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012)).

In *Spatz*, the defendants sought to "recover the fees charged by the court reporter for copies of exhibits to the four transcribed depositions." 2012 U.S. Dist. LEXIS 63112, at *17. The court noted that whether copies of deposition exhibits are recoverable depends on the purpose and use of the documents. *Id.* "But the Court will not award costs for deposition exhibits when the prevailing party 'has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel.'" *Id.* at *18 (citing *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 U.S. Dist. LEXIS 109239, at *6 (S.D. Fla. May 23, 2008)). To that extent, the court denied the request for exhibit costs because the defendants failed to "show that it was necessary, rather than simply convenient, for them to obtain copies of the deposition exhibits." *Id.*

Here, the undersigned finds that Plaintiff is not entitled to $243.40 in exhibit costs for the depositions of Dr. Sala and Mr. Wescott. Plaintiff states that exhibit photocopies were necessarily incurred for the preservation of the parties' testimonies during their depositions and for their potential impeachment at trial. ECF No. [392] at 3–4. However, Plaintiff has not specified which exhibits were copied. *Id.* The Bill of Costs merely states that costs for 213 pages of "Exhibits" were incurred for Dr. Sala's deposition, and costs for 136 pages of "Exhibits" were incurred for Mr. Wescott's deposition. ECF No. [389] at 20, 28. Because Plaintiff's Bill of Costs and Motion do not explain the need for the copies, the Court concludes that Plaintiff is not entitled to the $243.40 in exhibit fees requested.

### d.  Shipping Costs

Plaintiff requests $33.00 in shipping costs for the deposition of Mr. Wescott. ECF No. [389] at 20. In support, Plaintiff provided an invoice that only states "Shipping," but does not

indicate what was shipped.  *Id.*  In its Response, Defendant contends that shipping costs are not ever recoverable.  ECF No. [391] at 8–9.

It is well-settled that shipping costs are not recoverable.  In *Watson v. Lake County*, the Eleventh Circuit Court of Appeals held that Section 1920 did not extend so far as to cover shipping fees for depositions.  492 Fed. Appx. 991, 997 (11th Cir. 2012); *see, e.g.*, *D&M Carriers*, 2013 U.S. Dist. LEXIS 192509 at *7 ("[S]ervices for expedited transcripts, shipping, exhibits, and condensed transcripts . . . are not recoverable"); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (noting that costs for "courier, handling and delivery charges" were not recoverable).  Therefore, Plaintiff is not entitled to recover the $33.00 in unspecified shipping costs incurred in connection with Mr. Wescott's deposition.

### (3) PACER Docket Costs

Plaintiff requests reimbursement for $1,198.00 in PACER court docket fees.  ECF No. [390] at 7.  In support, Plaintiff's Bill of Costs includes a spreadsheet spanning ten dates that lists the docket fees incurred per day.  ECF No. [389] at 50.  Plaintiff argues that docket access fees are recoverable pursuant to Section 1920(2) because they were necessarily incurred for trial.  ECF No. [390] at 7–8.  In its Response, Defendant notes that Plaintiff does not provide sufficient description of the docket costs.  ECF No. [391] at 9.  Notwithstanding, Defendant contends that electronic docket fees are not recoverable because "neither Section 1920 nor Section 1923 refer to docket fees for electronic access."  ECF No. [391] at 9.  In his Reply, Plaintiff reasserts that PACER fees are recoverable and relies on cases from other courts in support.  ECF No. [392] at 4.

While Section 1920(5) allows for the recovery of docket fees under 28 U.S.C. § 1923, courts in this District have routinely found "that PACER fees are not taxable under § 1920." *Rodriguez*, 2020 U.S. Dist. LEXIS 92367, at *24–25; *Rivero v. Godoy*, No. 18-23087-CIV-

COOKE/GOODMAN, 2019 U.S. Dist. LEXIS 31641, at *13 (S.D. Fla. Feb. 26, 2019) ("PACER costs are not taxable under § 1920."); *McGilvery v. Williams*, No. 16-14363-CIV, 2017 U.S. Dist. LEXIS 200248, at *6 (S.D. Fla. Dec. 4, 2017) (same). Here, Plaintiff's Bill of Costs indicates that Plaintiff incurred $1,198.00 in "Court Docket" costs. ECF No. [389] at 50. Although the Bill of Costs does not indicate whether the court docket costs incurred are PACER fees, Plaintiff's Reply clarified that the docket fees incurred are PACER fees. ECF No. [392] at 4. Therefore, because PACER costs are not taxable under Section 1920, the Court concludes that Plaintiff is not entitled to recover the $1,198.00 requested.

**(4) Photocopying Costs**

Defendant disputes Plaintiff's request for $3,811.07 in photocopy costs. ECF No. [390] at 8–9. First, Plaintiff requests $3,598.50 in "Copies" incurred over a ten-day period. ECF No. [389] at 40. Second, Plaintiff requests $212.57 for trial exhibit copies. ECF No. [389] at 41–44. In its Response, Defendant argues that Plaintiff is not entitled to said photocopying costs because Plaintiff "has not provided descriptions of these copying costs nor has he provided the amount of copies of each document." ECF No. [391] at 10. In his Reply, Plaintiff argues that he is entitled to the photocopy costs because (1) when Defendant requested to tax costs as the prevailing party before the Eleventh Circuit's reversal, Defendant did not state his request with any greater specificity than Plaintiff has; and (2) courts in this District have allowed plaintiffs in a similar situation to tax photocopying costs. ECF No. [392] at 4–7.

Photocopying costs are taxable if they were necessarily obtained for use in a case pursuant to Section 1920(4) or the incurring party reasonably believed they were necessary for pending litigation. *W & O Inc.*, 213 F. 3d at 621–22. "General copying costs without further descriptions, or copies made merely for counsel's convenience, such as multiple copies of documents, however,

are not recoverable." *Guevara v. Florida E. Coast Ry., LLC.*, No. 18-CV-24726, 2020 WL 5578960, at *8 (S.D. Fla. Aug. 7, 2020), *report and recommendation adopted sub nom. Guevara v. Florida E. Coast Ry. LLC*, No. 18-24726-CIV, 2020 WL 5572100 (S.D. Fla. Sept. 17, 2020) (citing *Monelus*, 609 F. Supp. 2d at 1335). The party requesting to tax costs must "present . . . evidence regarding the documents copied including their use or intended use." *Cullens v. Georgia Dep't of Trans.*, 29 F. 3d 1489, 1494 (11th Cir. 1994) (citing *Helms*, 808 F. Supp. at 1570). While prevailing parties are "not require[d]. . . to articulate the specific reasons for each photocopy or exemplification – [d]efendants must do more than point to an outline of the costs incurred." *Salvani v. Corizon Health, Inc.*, No. 17-24567-CIV, 2019 U.S. Dist. LEXIS 199373, at *10–13 (S.D. Fla. Nov. 15, 2019) (concluding that descriptions of copies made were insufficient for determining the necessity of the copies); *Helms*, 808 F. Supp. at 1570 ("A prevailing party may not simply make unsubstantiated claims" of the necessity of the documents they copied, "since the prevailing party alone knows for what purpose the copies were made.").

In *Korsing v. United States*, the plaintiff provided corresponding receipts for his requested costs, but "provid[ed] no explanation regarding the nature of the documents copied, or their intended use." No. 16-22190-CIV, 2019 U.S. Dist. LEXIS 18409, at *7 (S.D. Fla. Feb. 4, 2019) The plaintiff's request only "list[ed] categories of copying costs by service provider without an explanation as to whether [the] costs were necessarily obtained." *Id.* The court concluded that the copying costs were not taxable because the plaintiff's request was "entirely devoid of explanation and [did] not enable the [c]ourt to determine which expenses" were necessary. *Id.* at 8. In *Dixon v. Bieluch*, the defendant "request[ed] reimbursement for approximately 3,840 photocopies." No. 04-80827-CIV, 2006 WL 8433859, at *3 (S.D. Fla. Feb. 21, 2006). In support, the defendant provided an itemization of the specific costs incurred. *Id.* The court concluded that the "charges

[were] reasonable and fully reimbursable under the statute" because "[a] review of the provided documentation shows that counsel could have felt it was reasonably necessary to copy such documents, and that the copies themselves were used, or intended for use, in the litigation." *Id.*

In this case, the undersigned concludes that Plaintiff is not entitled to recover the $3,811.07 in photocopy costs. As to $3,598.50 of the copying costs, Plaintiff's Bill of Costs and Motion lacks any description or explanation of the nature of the copies and their necessity. Accordingly, as the record currently stands, the undersigned is unable to determine whether the copying expenses incurred were necessary. As to the $212.57 for copies of trial exhibits, while the Bill of Costs includes slightly more detail about the nature of the copies (i.e., color and size), Plaintiff still fails to state the substance and necessity for the copies. Therefore, based on the record, the undersigned is unable to determine whether the costs incurred were necessary. As a result, based on the lack of explanation provided, the Court concludes that Plaintiff is not entitled to recover the $3,811.07 for photocopy costs.

### III.    RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that the Bill of Costs and Motion, ECF Nos. [389], [390], be **GRANTED IN PART AND DENIED IN PART**. Plaintiff should be awarded $65.00 of the $6,361.72 disputed costs.

### IV.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the

district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, on June 28, 2021.

                    _____

                    JACQUELINE BECERRA
                    UNITED STATES MAGISTRATE JUDGE